BANK OF THE UNITED STATES, (MARTIN v.) See Case No. 9,156.

## Case No. 930.

### BANK OF THE UNITED STATES v. MOORE.

[3 Cranch, C. C. 330.] [1]

Circuit Court, District of Columbia. May Term, 1828.

NEGOTIABLE INSTRUMENTS—SPECIAL INDORSEMENT —CHANGE TO BLANK INDORSEMENT.

The plaintiff, who is not an indorsee of the note, has no right, at the trial, to strike out the words of a special indorsement written over the name of the indorser, so as to convert it into a blank indorsement; and upon such an indorsement the plaintiff cannot recover, although he afterward obtain the indorsement of the indorsee to himself; because he can only recover in that action according to his right of action at the commencement of his suit.

At law. Assumpsit [by the Bank of the United States] against [John M. Moore] the indorser of Josiah Meigs's note for $250, indorsed in full to the president, directors, and company of the Bank of Columbia, but not indorsed by that bank to the plaintiffs. At the trial, the plaintiffs' counsel, Mr. Lear, without the knowledge of the defendant or the leave of the court, erased the words written over the name of John D. Moore, the indorser, so as to leave it a blank indorsement. But the court being of opinion that the plaintiffs' counsel had no right to strike out those words, a juror was withdrawn, and the cause continued; after which the plaintiffs obtained the blank indorsement of the Bank of Columbia, by its president, in this form:—

[1] [Reported by Hon. William Cranch, Chief Judge.]

"The President, Directors, and Company of the Bank of Columbia, by Nathaniel Frye, Jr., President." The declaration was amended with the leave of the court, by inserting an averment that Moore indorsed the note to the Bank of Columbia, who indorsed it to the plaintiffs.

THE COURT delivered the following opinion, (nem. con.):—

Upon the above state of the case, the court is of opinion that the plaintiffs cannot recover in this action. The indorsement to the Bank of Columbia, the then last indorsee, being filled up before the commencement of the suit, the Bank of the United States had no legal cause of action upon the note when the suit was brought. The subsequent indorsement by Mr. Frye, as president of the Bank of Columbia, (if he had authority to indorse it, on which point the court gives no opinion,) did not alter the plaintiffs' legal cause of action at the time the suit was brought. It could only authorize a new action; and, even if it would support this suit, it was not filled up when offered in evidence upon the last trial.