## LOOMIS *vs.* SWICK.

THIS was an action of *slander*, tried at the Madison circuit, in March, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

In an action of slander it is unnecessary to preface each count with all the inducements and allegations contained in the first; a reference in the second count to the allegations in the first is sufficient

Where, in the first count of a declaration in slander, it was alleged, in the introductory part of it, that the plaintiff was a merchant, which was omitted in the second and third counts, but the words were alleged to have been spoken in another discourse of and concerning the plaintiff "in his business of a merchant, and of and concerning his said books of account which he kept with his customers and others, as such merchant as aforesaid," it was held, that the reference to the first count was sufficient to cure the defect.

A plaintiff is not bound to prove all the words as laid in the declaration; if he proves some which are laid and which are actionable, it is enough.

UTICA,
August, 1829.

Loomis
v.
Swiek.

The declaration contained three counts. In the induce-ment to the *first* count, it was stated that at the time, &c. and long before, the plaintiff was a *merchant* buying and sel-ling goods, wares and merchandize; and as such merchant kept honest, just and true books of account with his custom-ers. The count then proceeded to set forth the speaking of the words which were charged to have been spoken in the *second* person. The *second* count charges the words to have been spoken " of and concerning the plaintiff in his trade and business of a merchant, and of and concerning his said books of account, which he the said plaintiff kept with his custom-ers and others, as such merchant as aforesaid." The words were, "He keeps a false book; he keeps dishonest books; he keeps false accounts; he keeps dishonest accounts; he keeps false account books; Loomis keeps false books; 'Squire Loomis keeps false books; Mr. Loomis keeps false books; Tom Loomis keeps false books; Loomis books have been proved false before 'Squire Van Doozer; Loomis' books have been blacked." The introductory part of the third count is similar to that of the second. The defendant plead-ed the general issue and, a special plea of justification.

The first witness called being about to relate a conversa-tion between the defendant and himself respecting the plain-tiff, when the plaintiff was not present, and in which the plain-tiff was spoken of in the *third* person, as *he*, &c. the counsel for the defendant objected to his testimony, on the ground that there was no averment in the second or third counts that the plaintiff at the time, &c. was a *merchant;* nor was there any reference in those counts to that part of the first count which alleges that the plaintiff was a merchant. The judge overruled the objection, and received the testimony. Sever-al witnesses were called, and many, though not all of the words laid in the declaration, were proved. Many words were proved not charged to have been spoken. The jury found a verdict for the plaintiff, with $125 damages; which was now moved to be set aside.

*G. C. Bronson*, (attorney general,) for the defendant. All the evidence in the case applies to the second and third counts, in neither of which it is stated that the plaintiff, at the

time of speaking the words, was a *merchant;* nor is there an express reference to the inducement of the first count, wherein it is admitted that such allegation is made. Each count in a declaration must be perfect in itself, or, if it depends upon a former count, it must expressly refer to it. (1 Chitty's Pl. 381, 397.) The words were not proved as laid.

*J. A. Spencer,* contra.

*By the Court,* MARCY, J. Defects in a count are not aided because such count is found in a declaration with another count that is not defective: each must shew a sufficient cause of action. But in declaring in actions of slander, it is unnecessary and unusual to preface each count with all the inducements and allegations contained in the first. Such a mode of declaring would justly merit censure, as leading to useless prolixity and expense. The counts which follow the first, wanting the necessary allegations, will not be cured by the first, if they do not refer to the allegations contained in the introductory part of the first, where these allegation are necessary to be stated to show a cause of action. The objection to the second and third counts of the declaration in this case is, that it is not averred in either of them that the plaintiff was a *merchant.* Unless the plaintiff sustained that character the words uttered by the defendant are not actionable. It is not disputed but that a proper reference in these counts to the first count would have removed the objection. There is, in my opinion, such reference. It is stated in each of them that the defendant in another discourse spoke and published of and concerning the plaintiff " in his trade and business of a merchant, and of and concerning his said books of account which he kept with his customers and others, as such merchant as aforesaid," &c. This is a sufficient reference to the inducement in the first count, wherein the plaintiff is stated to have been a merchant at the time of uttering the slanderous words, to cure the defect. This precise mode of declaring appears to have received the express sanction of this court in the case of *Mott* v. *Comstock,* (7 Cowen 654;) and it is in conformity to the precedents in Chitty's Pleadings, (vol. 3, p. 260.)

UTICA,
August, 1829.

There is also an objection raised on this motion of a variance between the words stated in the pleadings and those proved on the trial. This objection does not appear to have been made at the trial, and therefore cannot now be considered; for we cannot say that if it had there been raised, it could not have been obviated. Besides, it seems not to be well founded in fact. It is true, words very different from those laid in the declaration were proved; but some of those laid were the same, and they constituted a distinct charge. Enough was proved as laid to sustain the action, and the plaintiff need not prove more. (2 East, 438. 2 W. Black. 790. 2 Saund. 74 b.

Motion for new trial denied.