## HORTON *vs.* AUCHMOODY.

*A justice of the peace* who grants an adjournment to a plaintiff not entitled to it, and subsequently renders judgment, and issues execution, on which the property of the defendant is sold, cannot be sued as a *trespasser*.

Where a justice acts without acquiring jurisdiction, he is a trespasser; but having jurisdiction, an error in judgment does not subject him to an action; he entitled to the protection afforded to a judge of a court of record.

ERROR from the Sullivan common pleas. Auchmoody sued Horton in justice's court, and *declared* against him, for that the *defendant*, between the months of April and June, 1829, issued a paper purporting to be an execution in favor of one Job Wilson, against the goods, &c. of the plaintiff, by reason of which the property of the plaintiff, to wit, one mare, was taken from his possession, and sold and delivered to one N. B., at, &c. to the damage of the plaintiff of $50. The defendant *pleaded* the general issue, and that he was a justice of the peace, and as such justice issued execution on a judgment before him, in favor of Job Wilson, against the plaintiff. The plaintiff recovered before the justice, and the defendant appealed. On the trial in the C. P. it appeared that Auchmoody had been sued by one Job Wilson; that the parties appeared before Horton, who was a justice of the peace, and before whom the suit was had, on a day to which the cause had been adjourned; that Wilson applied for a farther adjournment, on the ground of the want of a material witness to the granting of which Auchmoody objected, insisting that Wilson being plaintiff was not entitled to an adjournment, except on the return of process, and saying, in case the justice granted the adjournment, he, Auchmoody, would not appear, and they would proceed at their peril. The justice decided that Wilson was entitled to one adjournment on making oath, and granted him an adjournment. Auchmoody then informed the justice that he would not attend to the suit any further, and did not afterwards attend to it. Wilson subsequently obtained a judgment against Auchmoody on which an execu-

tion was sued by the justice, and property of Auchmoody sold. The defendant objected to parol evidence of the execution ; whereupon the constable stated that he had delivered it to a justice of the peace as evidence in a suit against him, and the justice testified that he believed he had it at home among his papers, but had not seen it for about two months, and that he had not had time to go for it since he had been subpœnaed. The court ruled this to be sufficient evidence of the loss of the paper, to authorize the introduction of parol proof, which was accordingly given. The counsel for the defendant requested the court to charge the jury that the judgment in favor of Wilson was *voidable* only, and for that cause might be reversed, but not *void* so as to lay the foundation of this action, and that its legality could not be inquired into collaterally. The court charged the jury that the judgment was *void*, and not merely *voidable*, and that the action was sustained. The jury found a verdict for the plaintiff ; the defendant having excepted to the decisions of the court, sued out a writ of error.

*A. C. Niven*, for plaintiff in error.

*R. S. Street*, for defendant in error.

*By the Court*, SAVAGE, Ch. J. The main point in this case is, had the justice jurisdiction sufficient to authorize a judgment ? The plaintiff in error holds the affirmative of this proposition, and the defendant the negative. The plaintiff contends that the justice having jurisdiction of the subject matter, and also of the person of the defendant by a regular appearance, if any error is subsequently committed, the remedy is by certiorari or appeal. The defendant says that, by an adjournmennt without authority, the cause is discontinued, the justice loses jurisdiction, and any subsequent proceedings are *coram non judice* and void.

It has been *decided* that a justice cannot adjourn a cause of his own motion after a previous adjournment, and that such adjournment amounts to a discontinuance of the suit, 2 Johns. R. 192 ; that if the justice do not appear at the place of ap-

NEW-YORK, pearance, but adjourn the cause by a note in writing without
May, 1831. signature, such an adjournment is a discontinuance, and the
Horton   cause out of court, 4 Johns. R. 117 ; that where the justice
v.      adjourns at the instance of the plaintiff, after a previous ad-
Auchmoody. journment, such adjournment amounts to a discontinuance,
and the cause is out of court, 8 id. 391 ; that where the plain-
tiff does not appear on the return of the process, the cause is
discontinued, 9 id. 140 ; that delay by the justice to open his
court for two hours amounts to a discontinuance, 11 id. 407 ;
that by the non-attendance of the justice on the day to which
a cause is adjourned, it is discontinued ; that subsequent as-
sent gives jurisdiction to the justice to proceed at a subsequent
time, but does not restore the cause against a party not assent-
ing, 1 Cowen, 245 ; and by the non-appearance of the plaintiff
on the adjourned day, the cause is unequivocally discontinued,
and the parties then stand as if the suit had never existed.
15 Johns. R. 245,   These were all questions upon certiorari,
in the same cause in which the irregular proceeding took
place, and the judgments were reversed.   Whether in such
a case the justice is liable, I do not find expressly decided ;
and though the court say that the proceedings are void, yet
they reverse the judgments, which would be unnecessary if the
judgment entered was a perfect nullity.

The case of *Butler* v. *Potter*, 17 Johns. R. 145, was an ac-
tion in Onondaga common pleas, against a justice who had
exceeded his jurisdiction in awarding more than five dollars
costs.   In the court below there was a recovery against him,
on the ground that the execution on such a judgment was
*void*.   This court, however, reversed the judgment of the com-
mon pleas, saying that the justice had jurisdiction to give
judgment for costs, and though he gave judgment for more
than he ought, such judgment was merely *erroneous*, and not
void.   The case of *Prigg* v. *Adams*, 2 Salk. 674, was relied
upon, where the judgment was given for five shillinge in the
common, pleas, on a cause of action arising in *Bristol*.   An
act of parliament, erecting the court of conscience in Bristol,
contained a clause by which it was declared, that if it appeared
upon the trial in any of the courts at Wesminster, upon a
cause of action arising in Bristol, that the cause of action was

under forty shillings, no judgment should be entered for the plaintiff; and if entered, it should be void.    A *ca. sa.* was issued upon such a judgment, and the defendant imprisoned; upon which he brought an action for false imprisonment, and the question upon demurrer was whether the judgment was so far void that the party could take advantage of it in a collat eral action; and the king's bench held that it was not; that it was only voidable by plea or error, and not like the case of a judgment vacated.    In *Butler* v. *Potter* this court took the distinction which has been frequently taken, that where an inferior tribunal has jurisdiction, but errs in the exercise of *its* powers, the act is not void, but voidable; but if there is no jurisdiction whatever, the proceeding is void.

Where a justice acts without acquiring jurisdiction, he is a trespasser; but having jurisdiction, an error in judgment does not subject him to an action; he is entitled to the protection afforded to a judge of a court of record.    The argument for the plaintiff in error is, that though the justice once had jurisdiction, he had lost that jurisdiction; that the adjournment being an act not authorized by law, the cause was at an end, and any further proceeding was without jurisdiction, as much so as a judgment would be without any previous process.    It must be conceded that so far as the parties litigant before the justice in that suit are concerned, this court have considered an unauthorized adjournment an end of the suit; but where a remedy is sought against the justice, the principle of judicial irresponsibility should be interposed, so far as it is applicable.    In the case of *Adkins* v. *Brewer*, 3 Cowen, 206, the justice never had jurisdiction of the person of the defendant, for want of the requisite security before issuing the attachment; and so in the case of *Colvin* v. *Luther*, 9 Cowen, 61, the justice had not jurisdiction of the defendant's person, the defendant not appearing upon the warrant.

It has been held in some of the cases, that where the plaintiff refuses or neglects to appear upon the coming in of the jury with their verdict, it is irregular to receive the verdict; yet in such a case, we held that a judgment rendered upon a verdict so taken was not void, but voidable; that the justice, having jurisdiction of the subject matter and the person, had

NEW-YORK,
May, 1831.

Horton
v.
Auchmoody.

power to enter a judgment of discontinuance; that the plaintiff was for that purpose at least within the jurisdiction of the justice, and that a judgment in his favor, though irregular, was not void. 2 Wendell, 604. Where the justice has no jurisdiction, a judgment rendered by him may be attacked collaterally. Want of jurisdiction in the court may be shewn, though if jurisdiction be conceded, the judgment cannot be inquired into. 3 Wendell, 204.

In this case the justice had jurisdiction of the cause, of the parties, and of the question of adjournment; his error was an error of judgment, and according to the decisions above referred to, the consequence of that error was that the cause was discontinued as between the parties, and any judgment entered after such adjournment was liable to be reversed; but I believe none of the cases consider such a judgment a proper subject of inquiry as to its merits in another tribunal. If the justice is liable in this case, it must be conceded that such liability arises from a judicial act, which is contrary to established principles.

In my opinion the judgment of the justice was valid till reversed, although founded in error; that the justice is not liable as a trespasser, and that the judgment of the common pleas must be *reversed*.