Frost, J.
In the consideration of the motion for non-suit in these cases, it must be assumed that Grice knew, at the time he issued the warrant, that the offence charged *154 against the plaintiffs 'was committed in North Carolina. It must also be assumed that the plaintiffs were not arrested, as fugitives from justice, in North Carolina, because the warrant is in the usual form for arresting offenders, that they may answer in the Court of Sessions, and neither the warrant nor affidavit notice the fact that the offence was committed in North Carolina; on the contrary, the venue in the margin of the warrant was “South Carolina,” “Marion District,” from which the inference is, that the offence was there committed. And when the plaintiffs were carried before the defendant Grice, under the order of Judge Earle, that inquiry should be made whether the offence was committed in North Carolina, and if it was, then they should be discharged, Grice did not suggest that they had been apprehended, and should be detained, as fugitives from justice ; but on proof, taken before him, that the of-fence had been committed in North Carolina, they were discharged by him. These facts must be granted, because, if they are material to the plaintiff’s recovery, there was sufficient prodf to have been submitted to the jury, and. the nonsuit could, therefore, have been granted only on the assumption that, even if true, the plaintiff could not maintain his action; otherwise the case should have been submitted to the jury, with instructions on the law applicable to the proof.
The question then is, had the defendant Grice, as a magistrate, any jurisdiction of the offence committed by the plaintiffs in North Carolina; and if he had not, and the arrest therefore illegal, is trespass the proper form of action.
Neither argument nor authority, (if any could be found to affirm so plain a proposition,) is necessary to prove that the jurisdiction of the courts of this State, and the authority of all judicial officers, to arrest persons for criminal procedure in this State, are confined to offences committed in the State. To issue a warrant, therefore, to arrest a person to answer, in a Court of Sessions, for any crime or misdemeanor committed beyond seas, is unauthorized and illegal. Unlawful, or false imprisonment, consists in the confinement or detention of the person, without sufficient authority. 3 Bl. Com. 133. Any illegal restraint on the *155 liberty of the person, is a false imprisonment, for which an action of trespass vi et armis will lie; Leigh’s Nisi Prius, 1431. When the court has no jurisdiction over the subject matter, trespass is the proper form of action, against all the parties, for any act which, independently of the process, would be remediable by this action. 1 Chit. Pl. 185. If Grice had no jurisdiction of oifences committed in North Carolina, then he is, according to this authority, liable as a trespasser. The rule affirmed by Chitty is supported by numerous authorities. Adkins vs. Brewer & Harvey, 3 Cow. 206, was trespass for taking plaintiffs goods. Plea not guilty. Harvey had sued out an attachment against the plaintiff, before the defendant, a justice. The judgment and execution in attachment and the levy and sale were proved. Motion for a nonsuit, on the ground that the plaintiff had not proved that the defendant proceeded irregularly, and resisted, on the ground that there was nothing to shew that the defendant had taken proof of the absence or concealment of the plaintiff. Savage, C. J. “The defendants are called on directly, not collaterally, to shew why they have undertaken to dispose of the plaintiff’s property. They must shew a lawful authority. A power to act is the first thing to be shewn by a court of limited jurisdiction. To give a justice jurisdiction, it must appear that the person, against whose property the attachment is sought, is either concealed in the country or departed, with the intent mentioned in the Act. The rule as to justices’ liability is, that where he has no jurisdiction and undertakes to act, his acts are coram non judice and void, equally so as if he was not a justice.” In this case the justice had no jurisdiction of the subject matter of the suit, unless on proof that the defendant was an absconding debtor. For want of such proof, it was determined that he was as much a trespasser as if he were not a justice.
Percival vs. Jones, 2 John. Cases, 49, was trespass for false imprisonment. Plea, not guilty. The defendant was a justice of the peace for the county of Albany. A suit was commenced before him against the plaintiff, in favor of one Chapin, and judgment rendered for the plaintiff. Execution was issued against the goods of Percival, and, *156 in case no goods could be found, against his body ; which is the form of an execution against a freeholder, by a statute of New York. He was taken and imprisoned. It appeared that immediately after judgment was obtained against him by Chapin, Percival declared to the magistrate that he was not a freeholder. Verdict for plaintiff. A question was reserved by the Judge, whether, if the plaintiff was not a freeholder, the justice could be liable to a suit for issuing the execution ; and whether the present action was the proper remedy. Per Cur.— “The form of action is proper. The plaintiff has been falsely imprisoned by the immediate and voluntary act of the justice, and the remedy must be by action for false imprisonment.” In this case the justice had a general jurisdiction of the cause of action, but the person of the plaintiff was exempt from arrest, because he was not a freeholder, and by the arrest the justice was a trespasser.
Wise vs. Withers, 3 Cranch, 330. Trespass for entering the plaintiff’s house and taking his goods. The defendant justified as collector of militia fines. Plaintiff replied that he was a justice and exempt from militia duty. It was decided that the plaintiff was exempt. Marshall, C. J. — “It is a principle that a decision of a court martial, in a case without its jurisdiction, cannot protect the officer who executes it. The court and the officer are all trespassers.” In this case the court had a general jurisdiction of the subject matter, but the plaintiff was not lawfully within the jurisdiction. These cases are cited at length, to shew that trespass is the proper remedy, whether the defect of jurisdiction relate to the person or the subject matter. In Savacool vs. Boughton, 5 Wend. 170, it was decided that where an inferior court has not jurisdiction of the subject matter, or having it, has not jurisdiction of the person of the defendant, all its proceedings are absolutely void. Neither the members of the court, nor the plaintiff, if assenting, can be protected by them. The distinction affects only the ministerial officer. In the same case it was ruled that a ministerial officer is protected in the execution of process, although the court have not, in fact, jurisdiction of the case, if it appears, on the face of the process, that *157 the court has jurisdiction of the subject matter, and nothing appearing to apprise the officer that the court has not jurisdiction of the party to be affected by the process. The same distinction is recognized in Smith vs. Shaw, 12 J. R. 257. The only exception to the rule that trespass is the proper form of action for unlawful imprisonment, occurs where the party arrested is privileged, 'personally or locally, from arrest. In such cases, according to some authorities, the action should be case. But the exception does not apply to the plaintiffs. They do not complain of the violation of any personal or local exemption from the general jurisdiction of the courts, but that they have been unlawfully imprisoned for an act which was no offence against this State, and of which neither its courts, nor the defendants, as judicial officers, had any jurisdiction.
In Morgan vs. Hughes, 2 Term Rep. 225, a leading case on the distinction between trespass and case — Ash-hurst, J. declares the distinction to be this — “where the immediate act of imprisonment proceeds from the defendant, the action must be trespass, and trespass only. But where the act of imprisonment is by one person, on the information of another, there an action on the case is the proper remedy, because the injury is sustained in consequence of the unlawful act of that other. But here, the act of imprisonment was by the defendant alone, for it cannot be said to be false imprisonment of the constable, who was bound to execute the warrant of a justice, having competent jurisdiction; and, therefore, if it were not an imprisonment by the defendant, it was not an imprisonment by any person. But when a person is committed to prison by the warrant of a justice, without any accusation, some person is guilty of false imprisonment, and it must be the imprisonment of the justice, who is the immediate and not the remote cause of it.” The action was case against a magistrate, for issuing a warrant against the plaintiff for a charge of felony, without information; and the plaintiff was nonsuited, because trespass was the proper form. Grice issued the warrant without 'any information which would justify it; for though it is not stated in the affidavit that the battery was committed in North Carolina, he was in *158 formed of it by Gaddy when he applied for the warrant, and the suppression of that fact from the affidavit cannot aid him. He cannot excuse himself from liability for the trespass, on the ground that the warrant was granted on the information of another, and that the injury proceeded from the wrongful act of that other; for the iniormation made to him did not warrant the arrest. From that information it was clear he had no jurisdiction of the cause, and the warrant was therefore illegal. If the information did not justify the warrant, his liability is the same as if no information had been made. To this effect is 1 Chitty PI. 79 : “Magistrates cannot be affected as trespassers, if facts stated to them on oath by a complainant were such whereof they had jurisdiction to inquire, and nothing appeared in answer to contradict the first statement. And before any action can be brought against a magistrate, for any thing done in the discharge of his duty, it must appear that his attention was drawn to all the facts necessary to enable him to form a judgment as to the course he ought to have pursued.” In this case it appeared that his attention was drawn to the fact that the offence was committed in North Carolina, which shewed it to be beyond his jurisdiction, and makes him liable to an action of trespass.
Nor can the nonsuit be maintained on the ground that a justice is not liable for error of judgment; for this protection is only allowed to an inferior magistrate, acting within the scope of his jurisdiction. In 1 Ch. Pl. 182, it is laid down — “if the court or inferior magistrate has jurisdiction over the subject matter, he is not liable as a trespasser, however erroneous the conclusion at which he arrives may be.” And accordingly in Horton vs. Auchmoody, 7 Wend. 200, it is affirmed that where a justice acts without acquiring jurisdiction, he is a trespasser ; but having jurisdiction, an error of judgment does not subject him to an action.
Nor can the nonsuit be maintained on the ground that the process was regular on the face of it; for the distinction between regular and irregular process, obtains only in cases in which the court has jurisdiction. “Whenever an injury to a person is occasioned by regular process of a *159 court of competent jurisdiction, though maliciously adopted, case is the proper remedy, and trespass is not maintainable. If, on the other hand, the process complained of were irregular, the remedy, in general, must be trespass.” 1 Ch. Pl. 138. “When a court has jurisdiction, but the proceeding is irregular, trespass against the attorney and plaintiff is, in general, the proper form of action.” 1 Ch. Pl. 186.
The summary of the argument is, “that where an inferior court has not jurisdiction of the subject matter, or having it, has not jurisdiction of the person of the defendants, neither the members of the court nor the plaintiff, if assenting, can be protected by its process , but are liable as trespassers. If the court has jurisdiction, and the proceeding is irregular, all the parties are trespassers, except, in some cases, the ministerial officer. But if the court has jurisdiction, and the process be regular, trespass will not lie, but an action on the case is the proper remedy.” These distinctions are supported on the authority of Morgan vs. Hughes. If the court has not jurisdiction, or the process be irregular, the process is void, and the force, committed in the arrest, is referred immediately to the act of the parties enforcing it; but if the court has jurisdiction, and the process be regular, it is valid, and the force, committed in the arrest, is referred immediately to the act of the law, and the parties using it are only consequentially liable.
If a justice can avoid liability as a trespasser, in a case where he has no jurisdiction, by the regularity of the proceeding, he may secure to himself impunity by his own act; by cautiously preparing the affidavit and warrant. He may, in a variety of ways, commit trespasses under a regular form. ' The mode practiced in the present case, is very obvious and convenient, viz: leaving out from the affidavit and warrant, that part of the information which would shew the proceeding to be wrongful and irregular. . And by this expedient he might entirely escape liability for outrages on the liberty of the citizen.
If the magistrate has jurisdiction, and proceeds erroneously, he is exempt from all responsibility, because no judicial officer is liable for error of judgment. To extend the *160 same exemption to cases in which he has no jurisdiction, would put the persons and liberty of the citizens entirely at his mercy; for if the magistrate keeps his own counsel, it cannot be discovered whether the false imprisonment proceeded from error or malice.
But malice cannot enter into consideration in deciding this case; for Chitty lays it down, (1 Plead. 186,) that “in general, no action can be supported against a magistrate for any thing done by him in that capacity, on the ground of malice,” for which he cites 1 T. R. 445, 1 Wils. 232. And this is plain, if understood of a regular warrant; for the law does not restrict the criminal or civil process of a magistrate to prosecutions and suits against his friends, and prohibit such process against all to whom he is maliciously disposed ; and if the process be void, and malicious, trespass is the only proper form of action. In Morgan vs. Hughes, it was decided that an action on the case could not be sustained against a magistrate for issuing an irregular and void warrant,-though maliciously, and that the action should have been trespass ; and plaintiff was nonsuit-ed. Chitty (1 Plead. 184,) states the same point, and cites 2 Stra. 710, 3 M. & S. 425, 627 ; 7 State Trials, 442; 6 Howell, 1094.
The decisions in our own reports will, on a careful examination of them, be found entirely consistent with the distinctions herein maintained between trespass and case. McCool vs. McCluney, Harp. 486, was trespass for false imprisonment, for arresting the plaintiff, under an execution on a judgment which had been satisfied. The court had jurisdiction, and the process was irregular and void. In McHugh vs. Pundt, 1 Bail. 441, the court had jurisdiction, and the process was regular ; and on this ground it was held, that case and not trespass, was the proper form of action ; and the plaintiff was nonsuited. In Perrin vs. Calhoun, 2 Brev. R. 248, a justice of the peace wrote his name on the back of a warrant, issued by a justice of the peace in Georgia, against a person complained of as a felon, and an arrest was made in this State, under the warrant of the endorsing magistrate. It was ruled that if the defendant did back the warrant to countenance or sanction the *161 apprehension and imprisonment of the plaintiff, he was liable as a principal trespasser, though the Judge reported that the evidence did not warrant the imputation of malice or any ill motive, and it was proved, in extenuation, that to baék' warrants, as defendant had done, was common in that part of the country. Waties, J. characterizes the backing of a warrant as an officious act of the defendant. Though, since the case of the State vs. Anderson, 1 Hill, 327, the arrest may be lawful, yet the authority proves that if the arrest be unlawful, trespass is the proper action.