By the Court. Sandford, J.
The plaintiff’s first point is, that the judge who granted the commitment never acquired jurisdiction in the proceeding against the plaintiff under the act of 1831.
We think that this view of the matter is erroneous : —1. The affidavit and papers on which the warrant for the plaintiff’s arrest was issued, do state both the nature and the amount of the indebtedness in precise terms. They show that Schell had commenced a suit on a judgment, stating its date and amount. This was a sufficient allegation of a cause of action arising upon a contract, for which the plaintiff could not be imprisoned.
2. The proceeding was evidently founded upon the suit brought to obtain satisfaction of the judgment. This disposes also of the fourth objection taken by the plaintiff. The proceeding was not founded upon his refusal to apply his property to the payment of the judgment.
3. The remaining objection, was to the judge’s reception of the answer and examination of the plaintiff in the pending suit, as a part of the evidence on which the warrant for the arrest issued. Whether the judge were right or wrong, in receiving this evidence, we need not determine; because, if he were wrong, it does not affect the question of jurisdiction. There was other evidence of undoubted propriety, which tended to prove the case alleged before the judge. If that evidence were insufficient, or if the judge admitted evidence that was incompetent, it constituted an error of judgment which was remediable only in a direct proceeding to reverse his commitment. It cannot affect the warrant, in a collateral suit. The jurisdiction of the judge does not depend upon his deciding correctly in respect of the kind or weight of evidence laid before him, when the allegations are properly made, and the testimony offered tends to sustain them.
*329 We have no doubt, therefore, that the judge acquired jurisdiction. The plaintiff was regularly arrested and brought before him, was subsequently adjudged to be guilty of the offence alleged, and was committed.
It is next claimed on his behalf, that the commitment was void, because the judge lost jurisdiction, intermediate the arrest and the adjudication.
Granting to the plaintiff all that he argues, as to the irregularity of the proceedings, and that he can be permitted, after suspending the judge’s action by an injunction, to urge such suspension as having wrought a discharge to him from his arrest under the warrant; it does not follow that the commitment was void.-
The principle is, that where an inferior tribunal acts without acquiring jurisdiction, its proceedings are void, and all concerned are trespassers. But where it has jurisdiction, and then errs in the exercise of its powers, the act is erroneous, and may be avoided on certiorari, but it is not void. Here the judge had acquired jurisdiction. The plaintiff contends that he erred in suspending the matter pending the injunction, instead of adjourning it, and in pronouncing his judgment in the absence of the party accused. If the judge erred in both of these particulars, they were errors of judgment, and the plaintiff' might have reversed the adjudication. They did not, however, oust the judge of his jurisdiction, nor subject him, or, consequentially, the party prosecuting before him, to an action of trespass or false imprisonment. We might refer to many analogous cases decided in the courts of this state. The principle is very well exhibited in Horton v. Auchmoody, 7 Wend. 200. We have looked into all the authorities which were cited by the plaintiff, and find that they were cases in which the court or officer never acquired jurisdiction of the subject matter, or of the party proceeded against. They do not conflict with the principle on which we rely, and in some of them it is expressly sanctioned.
The judgment entered for the plaintiff, at the special term, must be reversed, and a judgment of nonsuit entered, pursuant to the stipulation between the parties.