# Jonas Deal *vs.* Alexis Harris.

If an inferior judge has *jurisdiction* and gives a wrong judgment, resulting from the erroneous conclusion at which he arrives, neither he nor the plaintiff in the action can be made a trespasser by enforcing the judgment if it remains unreversed and unpaid.

The mere fact that a party was discharged under the insolvent laws, does not *necessarily* present a case of want of jurisdiction in a justice of the peace to render a judgment against him for a cause of action accruing prior to his application.

APPEAL from the Circuit Court for Carroll county.

This was an action of assault and battery, and false imprisonment, by the appellant against the appellee.

The pleas were *non cul.* and justification under and by virtue of a writ of *ca. sa.,* and commitment thereon issued by one Houck, a justice of the peace for Carroll county, upon a judgment rendered by said justice on the 14th of February 1851, in favor of the defendant against the plaintiff for $1.50 damages, and $4.95 costs.

The plaintiff replied in substance, that on the 5th of April 1850, he applied for the benefit of the insolvent laws, and in September following obtained his final discharge thereunder, after having complied with all the provisions of said laws; that the cause of action on which the judgment mentioned in the plea was recovered accrued to the defendant and was due

Deal *vs.* Harris.

by the plaintiff before the date of his said application, and was for a sum of money less than twenty shillings; that at the trial of the cause before the justice he pleaded and produced his final discharge under said laws; that the *ca. sa.* and commitment were based upon the judgment so rendered by said justice, and that he could not be rightfully arrested and imprisoned for the non-payment of the sum of money mentioned in said judgment.

To this replication the defendant demurred, and assigned as cause of demurrer that the judgment rendered by the justice being rendered by a court of competent jurisdiction, is conclusive upon the parties to it, and so long as it remains in force cannot be impeached for informality, error or mistake, in the matter adjudicated, and that all proceedings under said judgment as stated in the plea were legal, valid and justifiable; and also that said replication is in other respects uncertain, informal and insufficient, and is not a full and complete reply to defendant's pleadings.

This demurrer the court (NELSON, J.,) sustained, and gave judgment thereon for the defendant, from which the plaintiff appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J.

*Wm. P. Maulsby* for the appellant, argued:

That under the act of 1805, ch. 110, and its supplements, the appellant was *absolutely* released and discharged from all debts and causes of action existing and accruing prior to his application on the 5th of April 1850, and his plea of such discharge ousted the jurisdiction of the justice to render the judgment and issue the *ca. sa.* and commitment thereon. The demurrer admits the fact that the debt was incurred prior to the discharge, and the question therefore is distinctly presented, whether a justice of the peace has jurisdiction to enter a judgment and issue execution thereon against a party who has been duly discharged under the insolvent laws, for a cause of action arising prior to his application, when it appears by the

record that the plea of discharge was produced and not controverted, and no plea or evidence appears to take the claim out of the operation of these laws? The judgment was for a less sum than twenty shillings, and therefore being prior to the new constitution, and the acts of Assembly pursuant thereto, the appellant had no power of appeal from the judgment of the justice, and unless such judgment can be inquired into in this case it never can be inquired into before any tribunal. It is for the appellee to show *affirmatively* that there was a *new promise* if he makes this an objection to the replication.

*Joseph M. Palmer* for the appellee, argued:

1st. That the facts set out in the replication do not necessarily present a case of want of jurisdiction in the justice to render the judgment. From any thing that appears in the replication the appellant may have made a *new promise* to pay this debt; or he may have acquired property which under the exceptions in the insolvent laws would have been liable for his debts. All these facts should have been negatived by the replication before the case of an ouster of jurisdiction will arise.

2nd. The judgment was rendered by a court of competent jurisdiction over the subject matter, and was rendered after the appellant applied for the benefit of the insolvent laws, and hence his discharge thereunder could not render the appellee a trespasser in attempting to execute it. The discharge could in no way affect the judgment. The principle is incontrovertibly settled, that a judgment of a court of competent jurisdiction, when coming incidentally or collaterally in question in any other court, is conclusive upon the question decided and cannot be impeached on the ground of informality in the proceedings, or for error or mistake in the court in the matter which was adjudicated. 1 *Gill,* 214, *Bowie vs. Jones.* 11 *G. & J.,* 218, *Magruder vs. Peter.* 12 *Do.,* 442, *Miles vs. Knott.* 8 *Do.,* 349, *Marshall vs. Greenfield.* 2 *H. & G.,* 50, *Raborg vs. Hammond.* 6 *H. & J.,* 182, *Barney vs. Patterson.* 4 *Do.,* 394, *Fishwick vs. Sewell.* 3 *Md. Rep.,* 55, *Ranoul vs. Griffie.* 6 *Do.,* 444, *Moore vs. Garrettson.*

3rd. The plaintiff has misconceived his action, for if he has any remedy for the injury complained of, *case,* and not *trespass,* is the proper one. Whenever an injury to a person or his property is occasioned by regular process of a court of competent jurisdiction, even if maliciously adopted, the remedy is by an action on the case and trespass does not lie. 3 *Term Rep.*, 185, *Belk vs. Broadbent.* 2 *Saund. Pl. & Ev.*, 319, 651. 11 *G. & J.*, 81, 86, *Warfield vs. Walter.* 3 *Do.*, 385, *Turner vs. Walker.* 3 *Esp.*, 136, *Cooper, et al., vs. Booth. Habart,* 205, *Warterer vs. Freeman.*

ECCLESTON, J., delivered the opinion of this court.

In treating of what kind of erroneous proceedings will sustain an action like the present, the authorities recognize a distinction, in some respects, between the proceedings of courts of general jurisdiction and of tribunals having but limited powers. It is said, however, in 1 *Chitty's Pl.*, 181, (*Ed. of* 1851:) " In general no action whatever can be supported for any act, however *erroneous,* if expressly sanctioned by the judgment or direction of one of the superior courts at Westminster, or even by an inferior magistrate, acting within the scope of his jurisdiction." Notwithstanding there may be exceptions to the general rule thus stated, yet it is certainly true, that if the inferior judge has jurisdiction, although he may give a wrong judgment, provided the error results from the erroneous conclusion at which he arrives, neither the judge nor the plaintiff in the judgment can be made a trespasser, by virtue of enforcing the same, if the judgment remains unrescinded and unpaid. Page of *Chitty* above cited. 3 *M. & S.*, 425, 426, 427, 428, *Ackerley vs. Parkinson, et al.* 3 *Wend.*, 205, *Putnam vs. Man.* 2 *Wend.*, 604, *Relyea vs. Ramsay.* 7 *Wend.*, 203, 204, *Horton vs. Achmoody.* 1 *Pet. S. C. Rep.*, 340, *Elliott, et al., vs. Peirsol, et al.*

In 2 *Wils. Rep.*, 385, *Perkin vs. Proctor & Green,* a distinction is taken between *irregularity* and *error* in reference to judgments. And the court say: " Where a judgment is vacated for irregularity, the party is never excused if an execution is executed thereupon; yet the sheriff's officer is excused,

because he has the king's writ to warrant him." And again they say: "In the case of an irregular judgment against the plaintiff and a *capias ad satisfaciendum* executed thereupon, in trespass and imprisonment, the party and the officer joined in a plea of justification under the writ, and the officer was therefore held guilty as well as the party; but where a judgment is reversed for error it is different, and stands good until reversed, one case is the fault of the party himself, the other is the error of the court."

After an examination of the authorities referred to, and the cases of *Turner vs. Walker*, 3 *G. & J.*, 385; *Warfield & Mactier, vs. Walter*, 11 *Ib.*, 85, 86, and *Ranoul vs. Griffie*, 3 *Md. Rep.*, 59, 60, we do not think the plaintiff can maintain his suit. The facts set out in the replication do not necessarily present a case of want of jurisdiction by the magistrate, and a mere error of judgment on his part, (if there was any,) will not give the plaintiff a right of action. The judgment below, upon the demurrer, in favor of the defendant will therefore be affirmed.

*Judgment affirmed.*