## SUPREME COURT.

GEORGE CLARK, appellant agt. ENOCH HOLDRIDGE, res-
pondent.

A cause of action against a *justice of the peace* to recover back money paid to him for
an illegal and excessive fine, imposed by the justice, is *not assignable*, so that the
assignee can sustain an action therefor, in his own name.

Where a justice of the peace, acting as a court of special sessions, after arrest of the
defendant upon a warrant duly issued, for assault and battery, and a plea of guilty
by him upon the trial, imposes a fine, upon the defendant which is clearly erro-
neous—being excessive and much larger than the justice, as a court of special
sessions, has a right to inflict, such judgment *is voidable, but not void.*

The justice having jurisdiction of the person of the defendant, although he errs in
judgment, he is protected upon the principle of *judicial irresponsibility.*

Therefore, where the justice receives the amount of the fine from the defendant in
his judicial capacity and pays over. the same to the county treasurer, where it
belongs, in apparent good faith, an action will not lie against him to recover it
back.

*Fourth Judicial Department, argued at General Term at
Buffalo, June term, 1870, and decided at Rochester term, in
September.*

*Present, Hon.* JOSEPH MULLIN, *Presiding Justice, Hon.*
THOMAS A. JOHNSON *and Hon.* JOHN L. TALCOTT, *Asso-
ciated Justices.*

THE defendant in this action being a justice of the peace,
duly issued a warrant for the arrest of one James Matteson
(plaintiff's assignor), on a charge of assault and battery.
On being brought before the justice, the prisoner de-
manded an examination which was granted. On such
examination the justice held him to trial; when the trial
commenced, the prisoner pleaded guilty to the charges in
the warrant.

The defendant then as such justice imposed a fine of.
$200, which amount said Matteson paid to defendant as
justice.

This action is brought to recover such fine money on the

Clark agt. Holdridge.

ground the justice, exceeded his jurisdiction. Judgment was ordered for defendant at the circuit. This appeal is from such judgment.

LEWIS & GURNEY, *for appellant.*
JENKINS & GOODWILL, *for respondent.*

*By the court,* JOHNSON, J.—The plaintiff by his assignment, acquired no right of action against the defendant, to recover back the money paid by his assignor. His assignor might have had the erroneous judgment and sentence against him reversed and vacated, upon *certiorari* to the court of sessions of the county, had he seen fit to pursue that remedy. (*Sess. Laws of* 1859, *chap.* 339.) The judgment was clearly erroneous and voidable, the fine, by way of punishment, having been much larger than the defendant, as a court of special sessions had a right to inflict. But it was not void absolutely. The defendant at the time the judgment was rendered, and the erroneous punishment inflicted, was acting as a court of special sessions, and had jurisdiction of the person of the plaintiff's assignor, and of the offense with which he was charged. The assignor had been regularly arrested and examined before the defendant as the examining magistrate, and had elected to be tried before him as a court of special sessions. After the commencement of the trial he pleaded guilty, and it thereupon became the duty of the defendant to render judgment against him, and to inflict the punishment prescribed by statute. (2 *R. S.* 714, § 19).

In the case of *Butler* agt. *Potter*, (17 *Johns.*, 145), the court laid down the rule, that "where the justice has no jurisdiction whatever, and undertakes to act, his acts are *coram non judice,* but if he has jurisdiction and errs in exercising it, then the act is not void, but voidable only."

That was an action brought against a justice of the peace, who had rendered a judgment against the plaintiff,

VOL. XL. 21

for a larger amount of costs than the statute authorized upon a confession of judgment by the latter, before the defendant as such justice.

The plaintiff had been imprisoned on the execution issued upon the judgment, and brought his action for trespass and false imprisonment, and it was held that the action could not be maintained. This has been followed steadily in this state, in a great number of cases, only a few of which will here be cited. (*Horton* agt. *Auchmoody*, 7 *Wend.*, 200; *Weaver* agt. *Devendorf*, 3 *Denio.*, 117 ; *Smith* agt. *City of Poughkeepsie*, 37 *N. Y.*, 511).  ·

Indeed, this has always been the common law rule. (*Prigg* agt. *Adams*, 2 *Salk.*, 674).

In *Horton* agt. *Auchmoody*, (*supra*), the court say, " where a justice acts without acquiring jurisdiction, he is a trespasser, but having jurisdiction, an error in judgment does not subject him to an action ; he is entitled to the protection afforded to a judge of a court of record."

In every such case the principle of judicial irresponsibility protects the magistrate.

It would be mere ostentation to cite the numerous authorities to be found in the books, in support of a principle so well established.

The counsel for the appellant argues that the fine imposed, having been so glaringly in excess of that which the defendant was authorized by statute to inflict, was as much without authority or jurisdiction, as would have been a sentence that the person convicted should be hanged or imprisoned in the state prison.

But this is a confusion of ideas and principles, essentially and fundamentally different. The latter sentence would have been a nullity because the magistrate had no power or authority to inflict any punishment of that kind or quality. He had no such power ever conferred upon him, which he could exercise in any manner or degree. But he had authority to inflict a fine, and erred in the exercise of it, in

measure or degree only. And, this I understand to be the true distinction, between the acts of an inferior magistrate, which are *coram non judice*, and void, and those which are erroneous, and voidable merely. In the latter case, such a magistrate is sheltered and protected by the shield of judicial irresponsibilty; in the former, not.

It is also argued in behalf of the plaintiff, that even if the defendant would not have been liable in an action of trespass for false imprisonment, had the plaintiff been committed for non-payment of the fine, still he had no authority to receive the money, the fine being thus excessive. That the defendant cannot be regarded as having acted in his judicial capacity, in receiving such a fine, which he had no authority to impose.

This position is as unsound as the other, and for the same reason.

If the judgment and sentence were voidable only, the defendant is protected in the execution of such judgment in every stage until it is avoided by reversal. The statute requires the magistrate to receive all fines, imposed by him, if paid before commitment, and to pay the same, after deducting the sum allowed for costs and charges, over to the county treasurer, for the use of the county, within thirty days. (2 *R. S.*, 716, § 32).

The money had been duly paid over to the county treasurer, before the assignment to the plaintiff. The case shows that the defendant acted in good faith throughout, supposing he was only discharging his duty as a magistrate. The judgment having been valid until reversed, and the money paid by the party convicted to avoid being imprisoned, in execution thereof, the defendant must be deemed to have received it in his judicial capacity, to and for the use of the county, and the action will not lie to recover it of the magistrate through whose hands it passed into the treasury of the county.

The judgment must, therefore, be affirmed.