Haight, J.
This action was brought to recover damages for the alleged false imprisonment of the plaintiff. The defendant was a justice of the peace of the town of Milo in the county of Tates, and as such justice issued a warrant upon the complaint of Mrs. Myron Baker for the arrest of the plaintiff and delivered the same to a police officer who caused her to be arrested and brought before the defendant as such justice. The hearing was adjourned from day to day and finally the complaint was dismissed. The Code of Criminal Procedure provides that, “When information is brought before a magistrate of the commission of a crime he must examine on oath the informant and prosecutor and any witnesses he may produce and take their depositions in writing and cause them to be subscribed by the parties making them.” Section 148. “The depositions must set forth the facts stated by the prosecutor and his witnesses tending to establish the commission of the crime and the guilt of the defendant.” Section 149. “If the magistrate be satisfied therefrom that the crime complained of has been committed and that there is reasonable ground to believe that the defendant has committed it, he must issue a warrant of arrest.” Section 150. The depositions upon which the warrant was issued are as follows:
“State of New York, County of Yates, Town of Milo, ss.:
Be it remembered that I, Mrs. Myron Baker, residing in the town of Torrey, county of Tates, 1ST. W, now come before William S. Seamans, Esq., a justice of the town of Milo, in the county of Tates, and give information under oath as follows: That one, Mrs. William Tracy, has got, as she has seen October 21, 1885, one pin that belongs to said complainant, Mrs. Myron Baker, and the said Mrs. Myron Baker has missed the pin called rustic gold and she has good reason to believe that the said Mrs. William Tracy has the same for this complainant this day saw this pin in possession of Mrs. William Tracy’s hand and would not give it up, and the pin that Mrs. William Tracy had in her possession was mine, for I know the pin to be mine. Wherefore your informant prays that the. depositions of this informant and witness may be reduce to writing and duly subscribed, and that a warrant issue for the arrest of said accused and that she be dealt with pursuant to the *146 provisions of the Code of Criminal Procedure. Mrs. Myron Baker, complaint.
Sworn to before me this 21st day of October, 1885.
WILLIAM S. SEAMANS,

Justice of the Peace ”

The deposition of Mrs. Alice Legg was also taken, which is to the effect that on the 21st day of October, 1885, at the village of Penn Yan, in the town of Milo, county of Yates, state of New York, she saw Mrs. William Tracy have a pin that matches Mrs. Myron Baker’s, and that she believed that it belonged to Mrs. Myron Baker.
The rule is that where a justice of the peace has no jurisdiction whatever and undertakes to act, his acts arecoram non judice and void; but if he has jurisdiction and errs in the exercise of it, his acts are voidable only. Butler v. Potter, 17 Johns., 144; Horton v. Auchmoody, 7 Wend., 200.
The information laid before the justice was doubtless intended to charge the crime of larceny under section 539 of the Penal Code. That section provides that “A person who finds lost property under circumstances which give him knowledge or means of inquiry as to the true Owner, and who appropriates such property to his own use or to-the use of another person who is not entitled thereto, without having first made every reasonable effort to find the owner and restore the property to him, is guilty of larceny.” The justice, as we have seen, acquires jurisdiction to issue the warrant for the arrest of the accused from the information laid before him; and the question is thus presented as to whether or not the information embraced in the depositions to which we have referred, states any crime which would authorize the issuing of a warrant. By referring to the depositions, it will be observed that there is no accurate description of the property claimed to have been stolen; there is no statement that the pin was ever in fact lost; the only statement bearing upon the loss are the words, “and has missed the pin;” there is no evidence showing that the property was found by the accused under such circumstances which would give her knowledge or means of inquiry as to the true owner; or any evidence tending to show that the accused, if she had found the pin, had not made reasonable effort to find the owner. It consequently follows that the depositions failed to show that the pin had been stolen by the accused, and consequently the magistrate had no jurisdiction to issue the warrant for her arrest. Blodgett v. Race, 18 Hun, 132; Warner v. Perry, 14 Hun, 337; Comfort v. Fulton, 13 Abbott, 276.
Again it is contended that the plaintiff was never arrested. *147 It appears from the evidence that the defendant issued a warrant and handed it to a police officer, and directed him to arrest the plaintiff; that the police officer found the plaintiff, told her that he had a warrant for her arrest, and showed it to her and asked her to walk over to the justice’s office; he then returned to the justices’s office, and subsequently the plaintiff came there with her husband. This doubtless amounted to an arrest, at least a constructive arrest. Searls v. Viets, 2 Thompson & Cook, 224.
It follows that the motion for a new trial should be denied, and that judgment be ordered for the plaintiff upon the verdict.
Smith, P. J., Barker and Bradley, JJ., concur.