Bradley, J.
The complaint alleges a cause of action in fraud for inducing the plaintiff to purchase an interest in the “United Chemical Company,” advancing money and engaging in its business. The answer of the defendant, after putting in issue the material allegations of the complaint, adds as “ a second answer and defense and for a counterclaim ” that he was the sole owner and in possession of the stock of the United Chemical Company; that the plaintiff proposed to and did purchase an interest in the company, which was sold by the defendant to him in consideration of his undertaking that he had the requisite ability to do so, and would take charge of and faithfully and diligently manage the business, for which he was allowed a compensation. The ability of the plaintiff and *98 the performance of his promise in other respects is negatived by the allegations of the answer, and damages are-alleged and demanded by the defendant as the consequence.. The plaintiff interposed a demurrer on the grounds:
First. That the counterclaim was not alleged as existing at the time of the commencement of the action.
Second. That it does not appear to be a cause of action arising out of the transaction set forth in the complaint or to be connected with the subject of the action; and
Third. That it does not state facts sufficient to constitute a cause of action in favor of the defendant against the plaintiff.
The first and third grounds are given no consideration.. The question arises whether the matters alleged come-within the statute defining a counterclaim, which may be a. cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff’s claim, or connected with the subject of the action. Code Civ. Pro.,, § 301, subd. 1.
The fact, therefore, that the cause of action alleged in the complaint is tort, is not any obstacle to setting up a. counterclaim in the answer if it have the requisites of that provision of the statute, which requires only that it arise-out of the transaction which is the foundation of the plaintiff’s action or is connected with the subject of it. Carpenter v. Manhattan Life Ins. Co., 93 N. Y., 552.
The difficulty is that there is no allegation in this count, of the answer to the effect that the matter alleged as a counterclaim either arose out of the transactions alleged in the complaint, or that it was connected with the subject of the action, but it proceeds to state a cause of action in favor of the defendant against the plaintiff independently of the matters alleged in the complaint. And, although it has relation to the business of the United Chemical Company, and for the purpose of a trial it might be treated as sufficient, or if not, be amended as almost a matter of course, upon demurrer, the pleading must be tested solely by its allegations and none will be implied to give it effect. And for that purpose each count must rest upon its allegations only for support, and cannot depend upon those of another without distinct reference to them. Loomis v. Swick, 3 Wend., 205; V.W. and C. M. Co. v. Beecher, 55 How., 193; Hammond v. Earle, 58 How., 426; Reiners v. Brandhorst, 59 id., 91; Baldwin v. U. S. T. Co., 45 N. Y., 744.
This count of the answer in no manner, by its terms, gives the matter alleged any relation to the transaction or subject of the action set forth in the complaint, nor can *99 it, for the support of the pleading upon the demurrer, be inferred.
The complaint being in tort, _ the new matter of the answer to constitute a counterclaim must by its allegations be brought within the provisions of the first subdivision of section 501 of the Code Civil Procedure. That not being done the demurrer was properly sustained.
The judgment should be affirmed, with leave to the defendant to amend his answer within twenty days on payment of costs.
Barker, P. J., and Haight, J., concur.