MERWIN et al. v. ROGERS.

(*City Court of New York, Special Term.* May 10, 1888.)

JUDGE—REFUSAL TO ENTER JUDGMENT—LIABILITY FOR DAMAGES.

The act of a district justice in refusing to render judgment by default on the return-day of the summons, and in adjourning the case to a subsequent day, without requiring the defendant to file a verified answer, affords no basis for an action by plaintiff against the justice for the damages sustained by reason thereof.

On motion to strike out demurrer.

It appeared by the complaint that in an action by the plaintiff herein against one Mapes, brought before the defendant herein, a justice of the Tenth district court of New York city, the plaintiff appeared, by his attorney, on January 13th, the return-day of the summons, and, the case being regularly called on the calendar, and Mapes not appearing, asked for judgment against Mapes without further proof; but the justice refused to render judgment, and adjourned the case, against plaintiff's protest, to January 16th. On the ad-

journed day, plaintiff appeared, and took judgment by default, but his execution proved fruitless, because, meanwhile, another creditor of Mapes had obtained a prior lien on his property by an attachment.

*J. Homer Hildreth*, for plaintiffs. *James C. de La Mare*, for defendant.

McADAM, C. J. It is elementary that judges are exempt from actions in respect of things done in the exercise of their judicial functions. *Lange* v. *Benedict*, 73 N. Y 12. This rule applies to the highest judge in the nation, and to the lowest officer who sits as a court. See cases cited in Cooley, Torts, 409. The *gravamen* of the complaint is that the defendant, as a district court justice, refused to render judgment on the return of the summons, and adjourned the case to a subsequent day, without requiring the defendant to file a verified answer. It is not necessary to a determination of this action to decide whether the adjournment was warranted or not; for, assuming it to have been unauthorized, the act constituted, at most, an error of judgment, for which no action lies. The justice was called upon to determine whether the papers before him entitled the plaintiff to a judgment without further proof; and, when the application to adjourn was made, he was called upon to decide whether the defendant was entitled to the adjournment or not. Whether the power was exercised properly is a question which might be considered upon appeal, but cannot be reviewed in an action against the justice as for alleged misconduct. A power which, when exercised by officers not connected with the judiciary, would be regarded as purely administrative, becomes at once judicial when exercised by a court of justice. *In re Cooper*, 22 N. Y. 82. When jurisdiction once attaches, the court may proceed to almost any length in the exercise of its judicial functions, without incurring personal liability. 1 Cow. Treat. §§ 660, 697. The case of *Horton* v. *Auchmoody*, 7 Wend. 200, is in some respects singularly similiar to the present action, and it was held that the justice was not liable. In addition to this, the plaintiffs appeared on the adjourned day, and, on the theory that the justice had not lost jurisdiction, took their judgment, and issued execution thereon; and, because it proved unproductive, they resort to the present action for damages. The action is ill conceived, will not lie, and there must be judgment for the defendant on the demurrer, with costs.