## ROGERS *vs.* MULLINER and MOORES.

A justice of the peace is not liable in an action for *false imprisonment* for issuing a *warrant without oath* against a freeholder, where it is not shewn that he acted *mala fide.*

THIS was an action for *false imprisonment*, tried at the Orange circuit in April, 1829, before the Hon. JAMES EMOTT, then one of the circuit judges. The declaration was in the usual form, and the defendants severed in their defence.

The plaintiff was arrested on a *warrant*, issued under the *fifty dollar act*, by Moores as a justice of the peace, at the suit of Mulliner. No *summons* had been previously issued, nor was the warrant issued on *oath* that the defendant was about to depart from the county, or that the plaintiff would be in danger of losing his debt, unless the process against the defendant was by warrant. The plaintiff here, (the defendant below,) on being brought before the justice, inquired whether the warrant had been issued on oath; and on being told that it was not so issued, he informed the justice that he was a *freeholder*, objected to the regularity of the proceedings, and claimed to be discharged. The justice immediately discharged him. The plaintiff in the proceeding, on the day before the constable received the process, told him that he intended to take out a *warrant*, and made the necessary arrangements for the constable to receive it. On the trial of the cause at the circuit, the plaintiff in this suit proved that he was a *freeholder* of the county where he was arrested, for some time previous to his arrest on the warrant. The jury, under the charge of the judge, found a verdict against *both* defendants, and the counsel for the parties entered into a stipulation that if this court should be of opinion that the defendants, or *either* of them, were not liable to the action of false imprisonment, the verdict should be amended accordingly; otherwise, judgment be entered against the defendants.

*J. W. Brown*, for plaintiff. A justice of the peace has no authority to issue a warrant under the *fifty dollar act*, except in the cases prescribed by the statute; which are, 1. Where a summons has been served by copy, and the defendant does not appear at its return; 2. Where the person applying for process shall prove, to the satisfaction of the justice, that the defendant is about to depart from the county, or that the plaintiff will be in danger of losing his or her debt or demand, unless the process against such defendant, being a freeholder or inhabitant having a family, shall be by warrant; and 3. Where a summons is issued, and the *defendant* proves, to the satisfaction of the justice, that he has a demand against the plaintiff, and that the plaintiff is about to depart from the county. *Statutes of* 1824, *p.* 280, &c. § 3, 5, 7. The suggestion of the court in *Percival* v. *Jones*, 2 *Johns. C.* 50, for the protection of a justice, that no mode is prescribed by which the facts exempting a defendant from imprisonment on execution are to be proved or ascertained, is not applicable here, as the legislature, in the *proviso* to the fifth section of the act, have prescribed the mode in which the justice may determine the necessity and propriety of issuing a warrant. In *Gold* v. *Bissell*, 1 *Wend. R.* 213, it is said : " In cases where *summons* is the regular process, a warrant without oath is irregular and void; without oath, the justice has no jurisdiction over the person of the defendant, and all parties concerned in an arrest under such process are trespassers." In *Osborn* v. *Walsh*, 21 *Johns. R.* 176, an action of trespass was sustained aginst a justice, for issuing an attachment against the *property* of a party without oath ; shall he not be equally liable when he issues process against the person without oath ? In that case, Chief Justice Thompson says, a mere error in judgment would not make the justice a trespasser by issuing the attachment, but that the proof received, to give jurisdiction, ought at least to be *colourable*.

*D. Ruggles*, for defendants. The defendant *Moores*, as a justice of the peace, had *general* jurisdiction and authority to issue *warrants* under the fifty dollar act, and the warrant in this case having been issued at the instance of *Mulliner*,

the plaintiff in the same, the justice acted *ministerially* only, and the warrant issued at the peril of Mulliner alone. Under no circumstances, other than those specially mentioned in the *fifth* and *seventh* sections of the act, is an oath requisite to obtain a warrant ; a justice, therefore, has general jurisdiction to issue warrants, *as of course*, subject only to the restrictions provided in those sections. If he has not such general jurisdiction, then persons not being freeholders, or inhabitants having families, are not liable to process by warrant—an exemption which could not have been intended by the legislature. In *Curry* v. *Pringle*, 11 *Johns. R.* 444, the court clearly intimate the opinion, that a justice would not be liable in a similar case, unless he acted *officiously*, and under such circumstances, that the plaintiff in the process would be excused. In *Percival* v. *Jones*, 2 *Johns. C.* 50, it was said that a justice is not bound to know officially whether the defendant be, or be not a freeholder, or inhabitant having a family, and that the *party* suing out the process does it at his peril. See also, to the same point, *Taylor* v. *Trask*, 7 *Cowen*, 250. If a justice has jurisdiction, and errs in the exercise of it, his acts are voidable only, 17 *Johns. R.* 145, and he is not liable in trespass, 3 *Cowen*, 209. A justice is subject to an action for issuing an attachment *without oath*, because he has no authority to issue such process in any case, without the proof required by the statute. The remarks relied on by the plaintiff's counsel, as made in *Gold* v. *Bissell*, were not necessary to the decision of that case, the action there not being against the justice. The decision in that case is in strict conformity to all previous cases on this subject.

*By the Court*, SAVAGE, Ch. J. It is conceded that the defendant, Mulliner, is liable in this action, but it is contended that the justice is not ; and whether he is or not is the question. When the case of *Percival* v. *Jones*, 2 *Johns. C.* 49, came before this court, it was laid down as a general proposition, that "In courts of special and limited jurisdiction, the rule is strict that the party becomes a trespasser who extends the power of the court to a case in which it can-

not lawfully be extended." Several cases are referred to in support of the doctrine, which is undoubtedly correct. The difficulty in its application in this case is, to ascertain who is the party who undertakes to extend the power of the court. In another part of the opinion of the court in the case of *Percival* v. *Jones*, the court say : " Mere ministerial officers, who, as such, issue or execute process, cannot, nor ought to be responsible, as long as the court from which it issues has general jurisdiction to award such process. But the party who sues out the process, does it at his peril, and he is responsible."

The *Marshalsea case*, 10 *Co.* 76, 77, contains this doctrine in relation to the liability of those who extend the jurisdiction of inferior tribunals : that where the subject matter of a suit is not within the jurisdiction of the court applied to for redress, every thing done is absolutely void, and the officer executing the process is a trespasser. But where the subject matter is within the jurisdiction of the court, but the want of jurisdiction is as to the person or place, unless the want of jurisdiction appears on the face of the process, the officer who executes it is not a trespasser. 2 *Esp. N. P.* 390, 1. So in 20 *Vin. Abr.* 480, *Trespass, C. a. pl.* 19, 20, if an officer intermeddles in, or does nothing but what belongs to his office, he is not liable for precedent tortious acts. If an action be brought in an inferior court, for a matter which does not arise within its jurisdiction, and the defendant be arrested thereupon, yet no action will lie against the officer that arrested him, though it will against the plaintiff; and the case of *Hudson* v. *Cook, Skin.* 131, is referred to, and supports the doctrine as stated by *Viner*.

The case of *Hill* v. *Bateman et al.*, 1 *Str.* 710, was brought against a justice and constable. Bateman had convicted the plaintiff for destroying game, and had imprisoned him, though the plaintiff had goods sufficient to have paid the penalty, and which might have been distrained. Lord Raymond, chief justice, held that the action would lie against the justice, but not the constable, because the warrant was in a matter within the jurisdiction of the justice ; but if a justice of the peace

NEW-YORK,
May, 1831.

Rogers
v.
Mulliner.

makes a warrant in a case which is plainly out of his juris- diction, such warrant is no justification to a constable. The justice was held responsible, because it was his duty first to have distrained the goods of the person convicted, as I infer from the report. It does not interfere with the principle of *Percival* v. *Jones.* There must be a jurisdiction of the process as well as of the person and cause, 2 *Wils.* 386 ; and an action was adjudged to lie against the vice chancellor of Oxford, *Smith* v. *Bouchier et al.*, 2 *Str.* 993, 4, who had issued a warrant upon a defective oath. He was not authorized to issue a warrant, unless the plaintiff swore that *he believed* the defendant would run away. The plaintiff swore that he *suspected* the defendant would run away, and the plaintiff recovered against the judge, the party, and the officer. The whole was nullity. Sir John Strange says that the officer might have been excused, if they had pleaded seperately ; but the court in *Perrin* v. *Proctor*, 2 *Wils.* 385, say that he could not, as the whole was nullity. The vice chancellor had no jurisdiction of the process of warrant without the oath required : and a different oath was the same as no oath at all. Under our statute, the justice has jurisdiction of the process of warrant without oath, as well as summons. In certain cases an oath must be made before a warrant can legally issue ; a constable is not to inquire, when he receives a warrant, whether the defendant is a freeholder, and if so, whether an oath has been made, any more than he is to inquire whether the plaintiff is a non-resident, and has given security for the costs. In *Warner* v. *Shed*, 10 *Johns. R.* 138, it was held that a constable is protected by a mittimus, issued by a court of special sessions, although the conviction upon which it issued was erroneous. In *Curry* v. *Pringle*, 11 *Johns. R.* 444, a warrant had been issued without oath, against a person having a family, and the action was brought against the plaintiff in the suit before the justice. Mr. Justice Yates, who delivered the opinion of the court, says: " From the facts in the case, it is evident that those proceedings were had on the suggestion, and at the instance of the defendant in whose favor the process issued, which must be deemed to

have been done at his peril." He adds: " It might perhaps have been otherwise, if the justice, as the agent of the defendant, had voluntarily and officiously issued the warrant, without any direct authority for that purpose." It had been decided in *Percival* v. *Jones*, that where the justice had acted officiously, and had transcended his jurisdiction, he was liable; and in *Taylor* v. *Trask*, 7 *Cowen*, 250, it was held that in such a case the justice alone was liable, and not the plaintiff before him, unless it appeared to be his act; and whether his act or not, should not depend on the general intendment of law, but a positive request or direction should be shewn.

The case of *Bissell* v. *Gold*, 1 *Wend.* 210, was, like this, an action of false imprisonment, founded on an arrest upon a warrant against a freeholder, issued without oath. That, however, was against the party alone, and not the magistrate. In delivering the opinion of the court, I stated that " without the oath the justice has no jurisdiction over the person of the defendant; and all parties concerned in an arrest under such process, are trespassers." So broad a proposition was not called for; as far as it was applicable to the suit then to be decided, it was undoubtedly correct; but as respects ministerial officers, it must be subject to qualification. I am inclined to think the true rule is laid down in *Percival* v. *Jones*, that ministerial officers are not responsible for executing any process, regular on its face, so long as the court from which it issues has general jurisdiction to award such process. In that case the court considered a justice, when making out process by direction of the party, as acting ministerially, or as clerk of the party; and that it was very essential that the justice, when acting in good faith, should be protected; " for," the court say, " it would be intolerable to impose on him the necessity of knowing, officially, the property or circumstances of every person in the community;" and they therefore conclude that process must be issued at the peril of the party demanding it. In that case, however, the justice was held liable, because he acted officiously, and not under the direction of the party. Here the justice acted under the direction of the party, and had no means of knowing that

he was acting incorrectly; he ought, therefore, according to that case, to be excused.

In issuing process at the request of the party, a justice acts ministerially, and is justified in issuing any process within his jurisdiction which is demaned by a party, provided the justice acts in good faith. Should he knowingly issue a warrant against the provisions of the statute, he would be amenable in an action. In this case the justice acted *bona fide*, for aught appearing in the case.

Judgment for plaintiff, against Mulliner, and in favor of the defendant Moores.