### ATCHINSON *vs.* SPENCER.

In a *warrant* issued under the act to suppress immorality, it is not necessary to state the circumstances which gave the magistrate jurisdiction; they may be shewn *aliunde* in an action against him for false imprisonment.

*It seems* that in no case is it indispensable that a *warrant* issued by a magistrate upon a criminal complaint should state upon its face the offence charged; although it is advisable to set forth the substance of the complaint.

ERROR from the Monroe common pleas. Spencer sued Atchinson in trespass, assault, battery and false imprisonment, and proved that on the 8th July, 1829, he was arrested by a constable on a warrant issued by Atchinson, who was a justice of the peace of the town of Parma, in the county of Monroe. The warrant was produced in court : it recited that information upon oath had been made before Atchinson by Allen Weston, that he saw Spencer sell a quantity of beer on the day of the complaint, and as he, Weston, verily believed, contrary to the statute in such case made and provided ; and then commanded any constable, &c. to take Spencer and bring him before the justice. The defendant called witnesses to prove that at the time of the complaint there was holding at Parma a *camp meeting*, a religious meeting for public worship; that Spencer kept a huckster's shop within two miles of the meeting, contrary to the statute ; that complaint was duly made thereof to Atchinson, he being a magistrate, and that in pursuance of such complaint Atchinson issued the warrant, and that the omission to state therein the whole complaint was by inadvertence. Evidence was given by the plaintiff to disprove the allegation that he kept a huckster's shop.

The proofs being closed, the counsel for the defendant re-

quested the court to charge the jury, *that if they belived from the evidence* that at the time the complaint was made and the warrant was issued, there was then holding, and for the whole day had been holding in Parma, in Monroe county, a camp meeting, being a religious meeting for public worship; that at that time Spencer was and had been during the day keeping a huckster's shop, contrary to the statute, within two miles of the meeting; that such complaint was in fact made, and that the warrant was issued with the intent and for the purpose of having Spencer arrested for that offence, and that the omission to state the whole complaint in the warrant was a mere inadvertence on the part of the defendant, that then the plaintiff could not recover. The court refused so to charge, and instead thereof told the jury that the warrant was so defective as necesarily to render the magistrate liable. The jury found a verdict for the plaintiff for $20 damages, on which judgment was entered. The defendant sued out a writ of error.

*S. Boughton*, for plaintiff in error.

*B. M. Lee*, for defendant in error.

*By the Court*, SUTHERLAND, J. It is to be assumed upon this motion that a regular complaint upon oath was made to the magistrate, charging the defendant with an offence prohibited by the act in question; that the warrant was issued upon that complaint, and that the omission to insert the whole complaint, or enough of it to shew the offence, was a mere mistake or inadvertence on the part of the magistrate, and that the defendant was guilty of the offence with which he was charged by the complainant. And the case seems to resolve itself into the question whether it is indispensable to the protection of a magistrate that every warrant which he issues upon a criminal complaint should state upon its face the offence with which the defendant is charged, and for which he is arrested.

*Chitty*, in his *Criminal Law, vol.* 1, *p.* 41, says it does not seem to be absolutely necessary to set out the charge or of-. fence, or evidence in a *warrant* to apprehend, though it is necessary in the *commitment;* but that it is advisable, especially if the warrant be for the peace or good behaviour, to set forth the special cause for which it is granted, in order that the party may come prepared before the justice with sufficient sureties; but that if it be for treason or felony, or other offence of an enormous nature, it is not necessary to state it, and that it seems to be rather discretionary than necessary to set it forth in any case. Lord Hale, 2 *Hale*, 111, 1 *id.* 580, says that regularly a warrant ought to state the cause specially, though he admits it would be *valid* without it. In *Boucher's case, Cro. Jac.* 81, it was held that a *commitment* under a warrant which did not specify the crime the party was charged with, was a false imprisonment, but that the offence need not be specified in a warrant to bring up the party for examination or trial; and the same doctrine seems to be held in the case of *The King* v. *Wilkes,* 2 *Willes,* 158. *Vide Bac. Abr. tit. Trespass, p.* 574.

The 9th section of the act under which this warrant was issued, 2 *R. L.* 196, enacts that every justice of the peace, &c. shall immediately, *upon information given upon the oath of any person,* cause every offender against the act to appear before him, &c. It is the information upon oath that gives the magistrate jurisdiction; and if such jurisdiction is in fact given, though it be not particularly stated in the warrant, or erroneously stated, I apprehend the magistrate is not to be treated as a trespasser. It is undoubtedly proper that every warrant issued under this act should state the substance of the complaint upon which it was issued; but I am not aware that it is indispensable that the circumstances which gave the justice jurisdiction in the case should appear on the face of the warrant, in order to protect him from an action for false imprisonment.

Judgment reversed, and *venire de novo* to Monroe common pleas.