By the Court,

Nelson, Ch. J.
The several warrants upon which the plaintiff was arrested, and which constitute the alleged false imprisonment, were issued by the defendant under the provisions of the revised statutes for the prevention of crime (2 R. S. 703); which are distinct and separate from those prescribed in cases where crimes are alleged to have been "actually committed (Id. 706). Some confusion existed upon the argument by confounding the proceedings in the two cases.
By the 2d § p. 704, it is provided, that whenever complaint shall be made in writing and upon oath, to any magistrate that any person has threatened to commit any offence, &c., it shall be the duty of the magistrate to examine the complainant and any witnesses produced, on oath, to reduce the examination to writing and cause the same to be subscribed by the persons examined. The section, as reported by the revisers, did not contain the words "in writing;” and it is difficult to discover their importance, inasmuch as the complainant is to undergo an examination by the magistrate, which is to be [185} reduced to writing and subscribed, before the issuing of the warrant. Strictly, however, according to the letter of the statute, there should be a complaint in writing on oath, and then an examination by the magistrate. But the written examination may be sufficient to give jurisdiction; it places before the magistrate the threatened offence on oath, and contains a full statement of the ground of the complaint within the meaning of the act. The section does not prescribe any particular form, in which the examination shall be reduced to writing; and if good in substance, it is sufficient. Neither is any form prescribed for the complaint; and if the written examination, under oath, signed by the complainant, contains all the statute requires, we perceive no reason against receiviñg the examination and considering it as the complaint in the case. The written examination must or should always contain substantially the matter set forth in the complaint; it will usually contain it in a more extended shape; and then why the importance of any other complaint, or what can be the objection to the examination being considered as .the complaint? Clearly, if it contain sufficient matter to authorize the warrant in the case, it must be sufficient for the complaint; and as the form is not important, it may as well answer for both, as to have one a literal copy of the other. In this case the complaint and examination are the same, embracing in substance the charge that the plaintiff had threatened to take the life of the complainant. The examination on the 8th July is more full than that on the 7th, but either contain a sufficient statement of a threatened offence to give jurisdiction.
By the 3d § it is provided that if it shall appear from the examination that, there is just reason to fear the commission of any such offence by the person comolained of, Sea., it shall be the duty of the magistrate to issue a warrant &c., reciting the complaint, and commanding the officer, Sec., forthwith to apprehend the person, &c. The two warrants issued on the 7th and 8th of July, contained a full recital of the complaints, and were in every respect regular.
By § 4, upon such person being brought before the magistrate, he may be *107 required to enter into a recognizance, &c., to appear at the next court of general sessions, &c., and in the mean while to keep the peace, &c. If the recognizance be given, the party is discharged; if he refuses to find sureties, it is the duty of the magistrate to commit him to prison until he shall find the same—specifying in the warrant the cause of the commitment, and the sum in which such security is required. § 5. The cause of commitment, as specified in the warrant in this case is, that the defendant in the proceedings, had been required to enter into a recognisance, 8cc., for her personal appearance at the next court of general sessions, &c., and in the meanwhile to keep the peace towards the people and in particular towards G. Sterling, who had demanded security of the peace, &c., which the defendant had refused. It is supposed, by the counsel for the plaintiff, that the cause of commitment intended by the act was the offence charged and several authorities were referred to for the purpose of establishing this as a rule at common law, and many otliers might have been found, as 2 Hawk. b. 2, c. 16, § 16; 2 Wils. 158; 1 Chitty's Cr. L. 111; 1 Strange, 3 and 4; 1 Bac. Abr. tit. Commitment, 610, 611; 7 T. R. 745. There are several reasons for setting forth with distinctness the crime of cause in the warrant of commitment; otherwise the officer is not punishable if the prisoner escape, nor is it an offence to aid in the escape; and the court or judge, before whom he is brought by habeas corpus, will be bound to discharge or bail him. Where the prisoner is committed on the suspicion or conviction of an offence, the particular crime must be stated; but that rule can not of course be applicable where no crime is charged, and still a commitment is authorized. The point is, to set out tho ground of the commitment, whatever that may be; and then if there be sufficient to detain the prisoner in custody, the rule of law is complied with and the officer justified. What is the ground of the commitment in this case? It is not the threatening the life of Sterling—that is, indeed, the cause of the arrest; but it would not warrant the final commitment. The statute does not authorize a commitment upon that charge, but for refusing to enter into a recognisance, with security to keep the peace. “ If such per- [187] son shall refuse to find such security, it shall be the duty of the magistrate to commit him to prison, &c., specifying in the warrant the cause of commitment,” &c., manifestly meaning the refusal to give the security. If the warrant had contained the recital that it satisfactorily appeared before the justice that the defendant therein had threatened the life of G. Sterling, and then proceeded to direct a commitment, it clearly would have been defective, as not coming within the terms or meaning of this section. Such a warrant would have authorized the arrest under the 2d §—not the commitment under the 5 th.
Most of the law upon the subject of “ surety for the peace,” and for “ good behavior,” will be found in Burns's Justice, a book of the highest authority in these matters, vol. 4, p. 265, 299, and which contains a variety of forms of warrants and commitments. They are in point to sustain the correctness of those used in this case. See form of commitment for neglect to enter into recognizance, p. 296. It should be remembered that the fifth section of our statute requiring the cause of the commitment to be set forth in the warrant, is merely declaratory of the common law, and a form good at common law is an authority for one under the statute. I may add, that the form in question is in conformity to those in general practice.
It was supposed that the third section required a formal adjudication by the justice, that the complainant had just reason to fear the commission of an offence, &c., before issuing the warrant; but that is a mistake. The satisfaction of the mind of the magistrate is sufficient, and the fact of issuing the process is evidence enough that it appeared to him that there was just reason to fear the commission of the offence. New trial denied.