## HARMAN and HARMAN *vs.* BROTHERSON.

An officer authorized to grant orders to hold to bail, acts judicially in making such orders, and is not liable for false imprisonment, in consequence of an arrest upon process, on which he had endorsed an order upon an insufficient affidavit, where it presented a case for the exercise of his judgment.

Where an affidavit set forth that the deponent had a good cause of action against the party whom he desired to prosecute, for negligence, &c. and then detailed the circumstances, stating the alleged negligence *upon information and belief;* HELD, that though insufficient to sustain an order to hold to bail against a motion to set it aside, it protected the officer making it against an action for false imprisonment.

Where an entire judgment against several, is erroneous as to one and error is brought, it must be reversed *in toto.*

ERROR to the Schenectady C. P. Brotherson sued Harman and Harman in the court below, and declared for trespass and false

imprisonment, and the case was this : The plaintiff was arrest‑ ed and held to bail in the sum of $100 on a *capias ad respon‑ dendum* issued out of this court at the suit of one Dexter. The *ac etiam* clause in the writ was in case for negligence in using the personal property of the plaintiff. The defendant *Thomas W*. Harman was the attorney who issued the capias. The de‑ fendant *Joshua D*. Harman was recorder of the city of Schenec‑ tady, counsellor, &c. He made an order to hold to bail, by virtue of which Brotherson was arrested on the *capias :* and this action was brought for that arrest. The recorder made the or‑ der to hold to bail on reading the affidavit of Dexter, the plain‑ tiff in that action, deposing, "that he has a good cause of action against John Brotherson of the city of Schenectady, in an ac‑ tion on the case for damage done by said Brotherson to per‑ sonal property of deponent, and for the negligence of said John Brotherson in and about the personal property of this deponent, which cause of action arose under the following circumstances : that some time in the forepart of March last, said Brotherson came to this deponent at Saratoga Springs, and hired of deponent a horse and wagon to go to Schuylerville or that neighborhood ; that deponent keeps a livery stable at said village ; and he then and there let said Brotherson a horse and wagon for the purpose aforesaid ; that the next day in the evening said Brotherson on his return, and within four miles of .Saratoga Springs aforesaid, drove said horse with the. wagon attached up to the door of a pub‑ lic house kept by Mr. Potter, and *as deponent has been inform‑ ed and believes* went into the tavern without securing the horse at all : that shortly after said Brotherson went into said public house, the said horse ran away towards Saratoga, and after he had got a short distance, ran off the end of a bridge, by which the said horse was killed, and the wagon broke badly and harness broke ; that said horse was killed and wagon broke, *as deponent has been informed and believes*, through the mere carelessness and negligence of the said Brotherson ; that said horse was worth seventy-five dollars, and the damage in conse‑ quence of killing said horse and breaking the harness and wagon is at least one hundred dollars, in the opinion of depo‑

nent; that said Brotherson is a single man without a family, and not a freeholder or possessed of any property, as deponent has been informed and believes; that deponent is fearful that unless he can hold said Brotherson to bail for the damages aforesaid, by an order for that purpose granted, he will be remediless for the damages aforesaid. That he is about to commence an action," &c.

The attorney delivered the *capias*, with the order endorsed, to the sheriff, and told him to make the arrest. The defendants pleaded separately, 1. Not guilty; 2. A special plea, justifying under the *capias* and affidavit; to which plea there was a replication. Under the special pleas a question of variance was made on the trial, which need not be noticed. The court below charged the jury, among other things, that the affidavit was not sufficient in law to warrant the defendants in holding the plaintiff to bail. The court was requested to charge, 1. That the recorder having acted judicially, he was not responsible for errors in judgment: 2. That if his decision in making the order to hold to bail was erroneous, Brotherson should have applied to this court to reverse it, or for relief by motion: 3. That the *capias* being regular on its face, with an order endorsed, it is a perfect justification, and cannot be attacked collaterally—it should have been set aside on motion: 4. That the attorney is not responsible for any error that may have been committed by the officer. The court refused to charge as requested upon either of these points; and a verdict and judgment having passed for the plaintiff, the defendants now bring error on a bill of exceptions.

*D. Wright*, for plaintiffs in error.

*N. Hill, Jr.* for defendant in error.

*By the Court,* BRONSON, Ch. J. Although Dexter swears positively at the outset that "he has a good cause of action" against Brotherson, it is highly probable from what follows that he was only able to speak of the alleged negligence, which was

the gist of the action, upon hearsay; and "information and belief" as to the most material part of the case are not enough in an affidavit to hold to bail. If Brotherson had moved the court, the order to hold to bail would have been revoked. But it is a very different question whether the officer who made the order can be treated as a trespasser. It was a case where, upon proper proof, an order to hold to bail might be made. A *capias* and an affidavit were laid before the officer—the affidavit making out a fair case for the exercise of his judgment. (*See Matter of Faulkner*, 4 *Hill*, 598, 602) He had jurisdiction of the matter, and acted judicially in making the order; and it is entirely clear that he cannot be made answerable as a trespasser for an error in judgment. (*Mills* v. *Collett*, 6 *Bing.* 85; *Stewart* v. *Hawley*, 21 *Wendell*, 552; *Brittain* v. *Kinnaird*, 1 *Brod. & Bing.* 432; *Tompkins* v. *Sands*, 8 *Wendell*, 462; *Easton* v. *Calendar*, 11 *id.* 90; *The People* v. *Collins*, 19 *id.* 56.) The plaintiff might have been relieved on motion from the effect of the order; but he cannot maintain an action against the officer.

As the judgment is entire against both of the defendants, and is clearly erroneous as to one of them, it must be reversed *in toto*. (*Sheldon* v. *Quinlen*, 5 *Hill*, 441.) Whether the attorney is liable is a question which was not discussed at the bar, and will not, therefore, be considered.

Judgment reversed.