### Payne *vs.* Barnes.

A warrant issued by a justice for the arrest of a person charged with larceny, which recites a distinct charge of larceny against the accused, is not rendered invalid by the omission of an allegation as to the value of the property stolen.

The only effect of such an omission is, that the offence charged will be deemed to be petit instead of grand larceny, and a magistrate of the county in which the person accused is arrested, will be authorized to admit him to bail.

All the statute requires is that the warrant shall recite the accusation. And the accusation need only charge that a criminal offence has been committed. If therefore, it charges a criminal offence generally, viz. that of larceny, it is sufficient to authorize the issuing of a warrant, although the accusation omits to state the value of the property.

The recital in such warrant, of the complaint, is presumptive evidence of the fact that such complaint has been made.

An omission in a warrant of arrest, which is merely clerical, and is apparent, and which does not mislead any one, or prejudice the defendant, will not render such warrant invalid.

This was an action for false imprisonment, against the defendant, for directing the plaintiff's arrest on a criminal warrant. The cause was tried at the Warren circuit in August, 1848, before Justice Parker. On the 21st of February, 1848, the defendant made a complaint to one Hart, a justice of the town of Watervliet in the county of Albany, that a criminal offence had been committed by the plaintiff. Such complaint was reduced to writing and verified by the defendant. In addition to such complaint, the defendant was sworn and examined by the justice touching such complaint. The justice thereupon issued a warrant for the arrest of the plaintiff. The warrant recited that the defendant had that day made complaint on oath before the justice, that the plaintiff, on or about the 27th day of September, 1847, at the town of Watervliet, &c. feloniously stole, took, and carried away and converted to his own use a pocket book and about $90 good money mostly of the Cayuga County Bank, and one promissory note of about $30 or $40, and other papers of value, all of the value of one hundred ——— the property of the defendant, &c. The warrant,

upon proof of the hand-writing of the justice who issued it, was endorsed by a justice of the county of Warren, and the constable to whom it was originally delivered after the warrant was so endorsed, arrested the plaintiff. Justice Parker, upon this evidence, nonsuited the plaintiff. And the plaintiff now moves to set aside the nonsuit.

*A. S. Wilson,* for the plaintiff.

*H. L. Palmer,* for the defendant.

*By the Court,* PAIGE, P. J. It is insisted, by the plaintiff's counsel, that the warrant issued by Hart was void; because it did not state with certainty the value of the property charged to have been stolen, so as to show whether the offence was grand or petit larceny; and because it did not recite the complaint; and because the complaint did not show that any criminal offence had been committed. The written complaint evidently does not charge the commission of a criminal offence. But the case does not turn upon the defects of the written complaint. It appears that the defendant, before the warrant was issued, was sworn and examined touching such complaint, and in addition thereto, and that thereupon the justice issued the warrant. The revised statutes (2 *R. S.* 706, §§ 2, 3) do not require that either the complaint, or the examination, should be reduced to writing prior to the issuing of a warrant for the arrest of an offender. Section 2 provides that whenever a complaint shall be made to a magistrate that a criminal offence has been committed, it shall be the duty of such magistrate to examine on oath the complainant, &c.; and section 3 declares that if it shall appear from such examination that any criminal offence has been committed, the magistrate shall issue a proper warrant under his hand, with or without seal, reciting the accusation, &c. In this case it appears that the defendant was examined orally on oath by the magistrate, touching the complaint, prior to the issuing of the warrant. The magistrate, on such examination, adjudged that a criminal

Payne v. Barnes.

offence had been committed, and accordingly issued his warrant for the apprehension of the plaintiff. In deciding whether it appeared from the examination that a criminal offence had been committed, the magistrate acted judicially. The complaint and oral examination of the defendant on oath, gave the justice jurisdiction of the complaint, and authorized him, on deciding that a criminal offence had been committed, to issue the warrant. An error of judgment in making this decision did not invalidate the warrant. (7 *Wend.* 200.) The case must turn upon the validity of the warrant *per se.* And the only question is whether the warrant contained the necessary requisites of a valid process for the apprehension of the plaintiff. Before the adoption of the revised statutes it was not absolutely necessary to set out the charge or offence, in a warrant for the apprehension of the person accused, for examination or trial. (*Atchinson* v. *Spencer*, 9 *Wend.* 62. 1 *Chit. Cr. Law*, 41, 42. 2 *Hawk. P. C.* 136, § 25. *Bac. Abr. Trespass*, 574, *D.* 3.) B⬤e revised statutes have altered the common law in this respect. They require that the warrant shall recite the accusation. (2 *R. S.* 706, § 3.) Does the warrant then, in this case, recite an accusation charging the commission of a criminal offence? It states that the defendant had made complaint on oath that the plaintiff, on or about the 27th of September, 1847, at the town of Watervliet, feloniously stole, took, and carried away and converted to his own use a pocket book and about $90 good money, mostly of the Cayuga County Bank, and one promissory note of about 30 or 40 dollars, and other papers, all of the value of one hundred ———, the property of the defendant. Here is evidently a clerical omission, by inadvertence, of the word " dollars" after the word " hundred." If the word " dollars" had not been omitted there would have been no ground for the objection, that the warrant did not on its face show whether the offence was grand or petit larceny. For *in that* case the warrant would have contained a precise and certain allegation of the value of the property charged to have been stolen; and the officer who arrested the plaintiff would have known from the face of the warrant whether the grade of the

offence charged was such as entitled the plaintiff, under the provisions of the revised statutes, to be bailed by a magistrate of the county of Warren. (2 *R. S.* 707, §§ 7, 8.) I think the omission of the word *dollars* did not invalidate the warrant. The omission is apparent, and is merely clerical. It could not have misled any one. The case comes within the equity of the provision of the revised statutes that no indictment shall be deemed invalid by reason of any defect or imperfection in matters of form which do not tend to the prejudice of the defendant. (2 *R. S.* 178, § 52.) The mistake was the mistake of the justice who issued the warrant, and not that of the defendant. It is evident that the defendant had no knowledge of the mistake. A party to a suit in a justice's court is not answerable for the issuing of process by a justice, unless he directs or sanctions it. (*Taylor* v. *Trask*, 7 *Cowen*, 249.) In this case there would have been no pretence of a cause of action against the defendant, if he had not interfered in the arrest of the plaintiff.

But in my judgment the warrant would have been a valid process without an allegation of the value of the property. Independent of that allegation it recited a distinct charge of larceny against the defendant; a charge coming within the common law definition of the offence, viz. that the plaintiff had feloniously taken and carried away the personal property of the defendant. (4 *Black. Com.* 230. 2 *Russ. on Cr.* 1032, 3.) The only effect of an omission to state, in precise terms, the value of the property, is, that the offence charged will be deemed to be petit instead of grand larceny, and a magistrate of the county in which the person accused is arrested, will consequently be authorized to admit the latter to bail under the 8th section of the title of the revised statutes in relation to the arrest of offenders. (2 *R. S.* 707, §§ 7, 8.) All that the revised statutes require, is, that the warrant shall recite the accusation The accusation need only charge, that a criminal offence has been committed. Larceny, whether grand or petit, is a criminal offence. If the complainant, therefore, omitted to state, in

his examination, the value of the property stolen, inasmuch as he charged a criminal offence generally, that of larceny, it was sufficient to authorize the issuing of a warrant. And the warrant, as it recited the accusation, in the form in which it was made, was necessarily valid.

The recital, in the warrant, of the complaint, was presumptive evidence of the fact that such complaint had been made. (1 *Barb. Cr. Law,* 445. 17 *Wend.* 181.)

The motion to set aside the nonsuit must be denied.

