## BLYTHE a. TOMPKINS.

*Supreme Court, Tompkins Special Term, March,* 1856.

LIABILITY OF MINISTERIAL OFFICER.—WARRANT.—WHEN VOID.

A justice of the peace acts *ministerially* in issuing and delivering a criminal warrant to an officer to be executed.

If such warrant is not valid on its face, the justice who issues and the officer who executes it are liable for assault and battery and false imprisonment at the suit of the person arrested upon it.

The justice is liable in such case although he acted in good faith, and although there was before him sufficient proof to have authorized him to issue a valid warrant.

A magistrate is not liable for errors committed by him while he acts *judicially,* if he has jurisdiction of the subject matter.

All officers who act *ministerially,* must see that the processes they execute are valid on their face, or they are liable for their acts under them.

The statutes of this State require that all criminal warrants shall show the offence with which the accused is charged ; they must *recite the accusations* or they are void.

*But it seems* that there are exceptions to this rule.

The *place* where the offence is committed as well as other facts sufficient to constitute an offence, must be stated in the warrant of arrest, if issued before indictment.

Where the offence is triable by a court of special sessions the charge against the defendant *as stated in the warrant of arrest,*—not the complaint upon which the warrant issues—is the accusation to which the accused must plead.

By the common law a defendant might be tried for a misdemeanor, in his absence after he had once appeared.

The common law is so far changed by statute in this State that no one *indicted* for a misdemeanor can be tried unless he be present either personally or by his attorney duly authorized for that purpose.

A person convicted of a misdemeanor may be sentenced to pay a fine, although he is not present in court.

In an action for false imprisonment, the plaintiff may recover damages for the time spent and expenses incurred by him in procuring his discharge by habeas corpus, where the warrant on which his arrest and imprisonment was procured by the defendant, was void on its face.

A person arrested on a void warrant and taken before a magistrate, does not waive or lose his right of action for false imprisonment, by pleading not guilty and consenting to an adjournment without raising objection to the validity of the warrant or regularity of the proceedings.

Motion for judgment on a verdict taken in a cause reserved for further consideration.

This was an action for assault and battery and false imprisonment, brought by George Blythe against Aaron J. Tompkins. It was tried before Justice Balcom, at the Tompkins circuit, in February, 1856. The jury found a verdict for the plaintiff for $20 damages, and it was thereupon ordered that the cause be reserved for further consideration pursuant to section 264 of the Code.

The proof was, that on July 26, 1856, a complaint was made on oath before the defendant, who then was a justice of the peace, at his office in the town of Lansing, in Tompkins county, against the plaintiff, a tavern-keeper in said town, for selling

spirituous liquors contrary to the provisions of " An act for the prevention of intemperance, pauperism, and crime," passed April 9, 1855. Sufficient proof was made before the defendant as such justice of the peace, that the plaintiff had sold spirituous liquors, and the kind thereof, contrary to the provisions of the act, at his tavern, at a place called Libertyville, in said town, to authorize the defendant as such justice, to issue a warrant for the apprehension of the plaintiff. The defendant thereupon issued the following warrant against the plaintiff.

" Tompkins County, *ss.:* To any constable of said county, greeting: Whereas complaint hath this day been made before me, A. J. Tompkins, Esq., one of the justices of the peace in and for the said county, upon the oath of William Devoe and John C. Blakesley, that on or about the 13th day of July, 1855, George Blythe did, as the said witnesses had good reason to believe and do believe, sold intoxicating or alcoholic liquors in violation of section first of an act for the prevention of intemperance, pauperism, and crime, passed April 9, 1855. These are therefore in the name of the people of the State of New York, to command you, the said constable, forthwith to apprehend the said George Blythe, and bring him before me to answer unto the said complaint, and to be further dealt with according to law. Given under my hand and seal at Lansing, the 26th day of July, 1855.

"A. J. TOMPKINS, J. P."

The warrant was delivered to William Derrick, a constable of said town, who arrested the plaintiff thereon and carried him before the defendant, at his office in Lansing, in the evening of the same day. The constable then delivered the warrant to the defendant, with his return thereon in these words: " The defendant arrested and before the court in custody. Plaintiff notified July 26, 1855. William Derrick, Constable." The defendant then read to the plaintiff the complaint and warrant against him, and he plead not guilty thereto. The plaintiff then asked for time to procure counsel, and the cause was then adjourned by consent of the plaintiff, to August 2, 1855, at 2 P. M., at the defendant's office in Lansing. The plaintiff then left the de-

fendant's office, and went home without being placed in the custody of any person or officer. The constable did not again see the plaintiff till the morning of August 2d, when the constable, by virtue of a writ of habeas corpus, procured by the plaintiff, went with him from Lansing to Ithaca, before the county judge, who issued said writ, who thereupon discharged the plaintiff. The plaintiff did not again appear before the defendant, and no further proceedings were had before him, against the plaintiff.

The defendant moved for a nonsuit, on several grounds: 1st. That the law, complaint and proofs before the defendant gave him jurisdiction to issue the warrant against the plaintiff. 2d. That the defendant was not liable in this action, because there was no proof that he acted in bad faith or maliciously. 3d. That plaintiff waived all defects in the warrant, by pleading not guilty to the charge therein, without objection. 4th. That the warrant was valid on its face, and was a perfect defence to the action.

The plaintiff insisted that the warrant was void on its face and that the law under which it was issued, was unconstitutional and void; and that the proof was insufficient to authorize the defendant to issue the warrant, if the law was constitutional. The motion for a nonsuit was denied on the ground that the warrant was void on its face, and could not protect the defendant against the action. Defendant excepted to the decision.

The justice charged that the jury might award damages for the time lost and expense incurred by the plaintiff in obtaining his discharge on the writ of habeas corpus. (The defendant excepted to this part of the charge). That the plaintiff was entitled to a verdict for the actual damages he had sustained by reason of his arrest on the warrant issued by the defendant. (The defendant excepted to this part of the charge). But that the plaintiff could not recover any vindictive damages or smart money, because the defendant had acted in good faith in the proceedings before him against the plaintiff.

*B. G. Ferris*, for plaintiff.

*Love* and *Beers*, for defendant.

BALCOM, J.—The defendant having jurisdiction to issue warrants for the apprehension of persons, for violating the provisions of the "act to prevent intemperance, pauperism, and crime," could not be made liable in a civil action for deciding that a warrant should issue on insufficient evidence. In determining whether there was sufficient evidence to authorize the issuing of a warrant, he acted judicially; and he is not liable while thus acting even, if he erred in judgment. (Horton v. Auchmoody, 7 *Wend.*, 200; Tompkins v. Sands, 8 *Wend.*, 462, 19 *Wend.*, 56, 1 *Den.*, 537, 540, and 590; Payne v. Barnes, 5 *Barb.*, 467, 3 *Den.*, 117, 1 *Kern.*, 573). But in *making* the warrant and delivering it to the officer he acted *ministerially*. (Rogers v. Mulliner, 6 *Wend.*, 597 & 603, 8 *Wend.*, 462; Van Rensselaer v. Whitbeck, 3 *Seld.*, 521; Houghton v. Swarthout, 1 *Den.*, 589.) " Where *ministerial* duty is violated, the officer, although for most purposes, a judge, is still civilly liable for such misconduct." (Wilson v. Mayor of N. Y., 1 *Den.*, 599, *Barb. Cr. Tr.*, 429 & 430, *and cases cited*).

The main question to be decided is whether the warrant is void on its face. If it is, then it will not protect the defendant, although he acted in good faith, and was authorized by the evidence before him, to issue a valid warrant. The defendant was bound to see that his process was valid on its face. Good faith does not excuse him for causing the plaintiff's arrest on a process that charged him with no offence against the laws of his country. I do not think the cases in 6 *Wend.*, 597, 7 *Ib.*, 200, 8 *Ib.*, 462, and 1 *Den.*, 589, establish a contrary proposition. The officer who executes process must see that it is valid on its face, or he is liable for his acts under it. " The law does not throw any protection round the person who attempts to arrest by an illegal warrant." (Housin v. Barrow, 6 *Durn. & E.*, 122.) " The writ or warrant must not be deficient in the frame of it." (*Barb. Cr. Tr.*, 34 & 35, *Ib.*, 82 & 83, *Ib.*, 464 & 465). " It must be lawful on the face of it." (Sandford v. Nichols, 13 *Mass. R.*, 285.) It would be unjust to hold the officer liable for executing an illegal warrant, and excuse the magistrate who issues it. The latter is presumed to be more capable of judging of the validity of the process he issues than the former who merely executes it.

Prior to the Revised Statutes it was held that in no case was it indispensable that a warrant issued by a magistrate upon a criminal complaint, should state upon its face the offence charged, although it was advisable to set forth the substance of the complaint. (Atkinson *v.* Spencer, 9 *Wend.*, 62; Payne *v.* Barnes, 5 *Barb.*, 467, *Barb. Cr. Pr.*, 457 & 458). But the Revised Statutes changed the law, and provided—" Whenever complaint shall be made to any such magistrate that a criminal offence has been committed, it shall be the duty of such magistrate to examine on oath the complainant and any witnesses who may be produced by him." (2 *Rev. Stats.*, 706, § 2). " If it shall appear from such examination that any criminal offence has been committed, the magistrate shall issue a proper warrant under his hand, with or without seal, *reciting the accusation*, and commanding the officer to whom it shall be directed forthwith to take the person accused of having committed such offence, and to bring him before such magistrate to be dealt with according to law." (*Ib.*, § 3).

It was necessary in this case that the offence charged on the plaintiff should be stated in the warrant, for it was triable before the defendant as a magistrate holding a court of special sessions. (*Laws of* 1855, 343, § 5). After a court of special sessions is organized for the trial of an offender, " the charge made against the defendant *as stated in the warrant of arrest, or commitment,* shall be distinctly read to such defendant, who shall be required to plead thereto. (2 *Rev. Stats.*, 712, § 7, *Barb. Cr. Tr.*, 458).

The warrant in this case does not state the *place*, where the plaintiff sold intoxicating or alcoholic liquors, which it should have done. (Howell *v.* The People, 2 *Hill*, 281). A court of special sessions can only " try charges for crimes arising within their respective counties." (2 *Rev. Stats.*, 711, § 1, *Barb. Cr. Tr.*, 550). If the town where the offence arose had been stated it would have been sufficient. (Van Derwerker *v.* The People, 5 *Wend.*, 530; Wood *v.* Randall, 5 *Hill*, 265, & 271). The place where the offence was committed was a material part of the accusation against the plaintiff. (2 *Hill*, 281, Payne *v.* Barnes, 5 *Barb.*, 465, 5 *Wend.*, 530; Bradstreet *v.* Ferguson, 23 *Wend.*, 638; Blasdell *v.* Hewitt, 3 *Cai.* 138, *Barb. Cr. Tr.*,

458). The case of Stewart *v.* Hawley, (21 *Wend.*, 552,) does not necessarily conflict with this position. That was a proceeding for violating the statute "of the observance of Sunday." (*Rev. Stats.*, 675, § 70). In such a case, the statute does not require that the warrant should contain the accusation. All it says is that the magistrate to whom the complaint is made, "shall cause the offender to be brought before him, and shall proceed summarily to inquire into the facts." (1 *Rev. Stats.*, 676, § 73). It has been held in such a case that it is not necessary that process should actually issue. (Foster *v.* Smith, 10 *Wend.*, 377).

The general allegation in the warrant that the plaintiff sold "intoxicating or alcoholic liquors," was insufficient. More certainty is required. (Blasdell *v.* Hewitt, 3 *Cai.* 138 ; Houghton, *v.* Strong, 1 *Ib.*, 485 ; 1 *Greenl. Ev.*, § 78, § 79). The warrant was very loosely drawn. It shows it was issued on the mere *belief* of the witnesses who were examined before the defendant ; whereas they testified to facts showing a sale of liquor within the town of Lansing, contrary to the law of 1855, and the kind of liquor sold. It seems singular that a warrant could be drawn containing so few facts essential to its validity, when enough to make a valid one were proved before the magistrate who drew it. But so it is, and the defendant must be held liable for its defects. They are so glaring that it is void on its face ; and it affords no protection to the defendant or the officer who executed it.

The defendant claims a new trial, on the ground that the plaintiff was not entitled to damages for the time spent and expenses incurred by him in procuring his discharge by the writ of habeas corpus. It is insisted that the habeas corpus was wholly unnecessary, for the reason that the plaintiff was allowed to go where he pleased without restraint, as soon as the issue was joined before the defendant on the 26th of July, and that he could not have been retaken and carried before the defendant on the adjourned day. This is not entirely certain. The defendant was accused of a misdemeanor. At common law a defendant might be tried for a misdemeanor, in his absence, after he had once appeared. (4 *Black. Com.*, 375 ; The People *v.* Wilkes, 5 *How. Pr. R.*, 107). The common

Blythe *a.* Tompkins.

law is so far changed by statute in this State that no person who is *indicted* for a misdemeanor can be tried unless he be present, either personally or by his attorney, duly authorized for that purpose. (2 *Rev. Stats.*, 734, § 13). A person convicted of a misdemeanor may be sentenced to pay a fine although he is not present in court. (Sorr *v.* The People, 12 *Wend.*, 344; The People *v.* Taylor, 3 *Den.*, 98, *note a.*) The plaintiff was only liable to a fine, if he had been convicted in the proceedings before the defendant. (*Laws of* 1855, *p.* 343 § 4). It has been decided that a party against whom a void judgment is rendered, may, notwithstanding, seek its reversal. (Stricker *v.* Mott, 6 *Wend.*, 465). Perhaps it was unnecessary for the plaintiff to procure his discharge by habeas corpus before bringing his action, (Deyo *v.* Vanvalkenburgh, 5 *Hill*, 246 & 247), but it is not perfectly clear, but that the defendant might have gone on, and tried and sentenced the plaintiff to pay a fine, in his absence; and then issued process for its collection, had not the plaintiff obtained the habeas corpus. As the statute forbidding the trial of a defendant when absent applies only to trials on *indictments*, which do not pertain to courts of special sessions, to relieve the defendant from liability for the damages the plaintiff sustained in procuring his discharge by habeas corpus from the proceedings before the defendant, the same must have been palpably unnecessary, which was not the case. It was matter of prudence on the part of the plaintiff to obtain his discharge, and the defendant was properly held liable for the expense thereof. I am also of the opinion the plaintiff did not waive or lose his right of action for his illegal arrest and detention by joining issue without objection before the defendant. (1 *Selden*, 544, 17 *Wend.*, 91).

The defendant having acted in good faith, it is to be regretted that he did not act legally in all he did; and thus save himself from all liability. The action is technical, and is sustainable only by reason of mistakes in the form, or rather substance of the warrant, issued by the defendant; but from such mistakes a cause of action has accrued to the plaintiff. The plaintiff is therefore entitled to judgment on the verdict.