JOSEPH FIELD, RESPONDENT, v. SYLVESTER E. PARKER, APPELLANT.

*Justice of the Peace — execution issued by — need not show on its face jurisdiction by the court of the subject-matter of the action — Ministerial officer — when protected by process.*

An execution issued by a justice of the peace who has general jurisdiction to issue executions in his court, need not state facts necessary to give the justice jurisdiction of the action, in which the judgment upon which it is issued is entered.

If the process be such as the court or officer issuing it has general jurisdiction to issue in proper cases, the officer executing it is protected by it. The defect must appear upon the face of the process, to render the officer executing it liable.

APPEAL from an order of the Special Term in Genesee county, granting a new trial.

The plaintiff brought his action to recover the possession of a horse, levied upon by the defendant (a constable) under an execution purporting to be issued upon a judgment rendered in a Justice's Court. The principal question litigated on the trial was, whether the property levied upon was exempt property. The

jury found for the defendant. The justice at Special Term granted a new trial upon the sole ground that the execution was no protection to the officer for making the levy, as it did not appear on its face that the justice had jurisdiction of the subject-matter upon which he rendered judgment. The judgment before the justice was recited in the execution, but not proved on the trial. The execution was in the following form:

## "THE PEOPLE OF NEW YORK.

" GENESEE COUNTY, }
   " Town of Bergen. }

" To any Constable of said County :

" Whereas, judgment has been rendered before me, the undersigned, against Joseph Field and Morris Gifford, defendants, in favor of Mrs. Mary E. Gleason, plaintiff, for $103.55: These are, therefore, to command you forthwith to levy of the goods and chattels of the said defendant (except such as are exempt by law), the amount of the said judgment, with interest thereon from the 4th day of October, 1873, on which day judgment was rendered, till received, and bring the money before me at my office, in sixty days from the date hereof, to render to the said plaintiff for her debt and costs.

" Dated at the said town this 4th day of October, 1873.

" Debt ........................................ $100 00
" Costs ......... .............................    3 55

   " Judgment................................. $103 55

"THOMAS D. DEAN,
         " Justice of the Peace."

*Lent & Crosby*, for the appellant.

*J. M. Dunning*, for the respondent.

MORGAN, J.:

The form of execution complies with the direction of the statute,* and has been in use for over thirty years. It is in the form

---

* 2 R. S., 249, § 131.

prescribed in the text books and printed for use of justices ever since the enactment of the Revised Statutes. [*] The justice who issued it has general authority to issue executions upon judgments in his court, and nothing in it indicates a want of jurisdiction in the justice to render such a judgment. Indeed, at the bottom we have the information that the judgment is for *debt*, $100; costs, $3.55; judgment, $103.55. It is, however, held by the judge at Special Term, that it should also appear that the cause of action is one over which the justice had jurisdiction. Since the forms of action have been abolished by the Code, it would be somewhat difficult for the justice to comply with such a rule. All actions now are actions on the case, and many of them do not come within the jurisdiction of the justice. Must he state that the case before him was upon a note, or upon some other obligation coming within his jurisdiction? In my opinion, it is sufficient in this case that the execution is regular and legal in form, and issued by a justice who has general authority to issue executions upon judgments in his court. Ever since the case of *Savacool* v. *Boughton*, [†] the courts have been inclined to disregard many of the niceties formerly insisted upon in relation to the sufficiency of process to protect ministerial officers; and the principle of that case would certainly support the execution in this case as sufficient to protect the officer. If the process be such as the court or officer has general jurisdiction to issue in proper cases, the officer is protected. He need not look behind his process to know that there is authority to issue it. [‡]

The officer is protected, although the court or officer had no jurisdiction in fact, if the defect does not appear on the face of the process.[§] In Cowen and Hill's notes to Phillip's Evidence,[||] the question is fully discussed and the conclusion reached, that to expose the officer, the want of jurisdiction over the subject-matter must not only exist, but appear upon the process. As to the rule laid down by MARCY, J., in *Savacool* v. *Boughton*,[¶] the author says it is expressed too cautiously, whereas his principle would

[*] 2 Wait's L. and P., 714; Cowen's Treat. (4th ed.), § 1568; Benedict's Treat., 430.
[†] 5 Wend., 170.                                    [‡] 2 Wait's L. and P., 49.
[§] PAIGE, J., in Fullon v. Hunter, 1 Barb., 555.    [||] 1007 to 1009, part 2.
[¶] 5 Wend., 170.

have fully warranted him in saying, within *Gwinne* v. *Pool*, that to expose the officer, the want of jurisdiction over the subject-matter must not only exist, but must appear on the process, unless he had clear knowledge of the facts some other way. The case of *Gwinne* v. *Pool* was a remarkable case, and fully considered. It may be found in black letter, reported in 1704 by Lutwytche, * and afterward translated by Nelson.†

I will cite a single paragraph of the opinion by Baron POWELL: " 'Tis true, when actions are brought in inferior courts, the plaintiff must always entitle such court to jurisdiction by showing that the cause did arise *infra jurisdictionem ;* but when a justification is made of a supposed trespass under any warrant or judgment given in such court, all the proceedings there shall be intended regular until the contrary is shewed ; and therefore, when the defendant justified by a warrant out of the Court of Admiralty, and did not aver that it was for a maritime cause, the justification is good ; and it was my Lord HALE's opinion that it is sufficient to show the warrant which the officer is bound to obey, and is not obliged to show that the cause of action did arise *infra jurisdictionem.*"

And the rule is thus stated by SAVAGE, J., in *Rogers* v. *Mulliner.*‡ He says : " Ministerial officers are not responsible for executing any process, regular on its face, so long as the court from which it issues has general jurisdiction to award such process."

Now, justice's courts have general jurisdiction to issue executions to enforce the collection of judgments rendered by them. The execution in this case is regular on its face, and no objection is made, except the single one that it does not affirmatively show that the action in which the judgment was rendered was in fact within the jurisdiction of the justice. It does appear that the judgment is for a debt of $100, if we have liberty to refer to the written memorandum at the bottom of the execution. So far, it appears affirmatively that the justice did not render a judgment in an action for slander or malicious prosecution, or other prohibited cause of action, nor go beyond his jurisdiction as to the amount.

On the whole, I am of opinion that this form of execution is sufficient to protect the constable. It is regular on its face, and one which a justice of the peace has general authority to issue to enforce

* 2 Lutw., 938, 1560.    † See Nelson's Translation, 290.    ‡ 6 Wend., 602.

judgment in his court. We ought not to encourage a technical objection of this nature, unless compelled to do so by undoubted authority. It would show us less liberal in the protection of ministerial officers than the judges were 150 years ago. There is no occasion, no necessity, and no reason why we should disturb the universal practice in this State in regard to the forms of executions in justice's courts.

I do not feel compelled, by the authorities cited, to uphold the objection. None are cited directly on the point, and unless some direct authority is found which we are bound to respect, I think we ought to overrule the objection.

It is admitted that there is a strange confusion of authorities on the general subject, and they are collected and commented on by Cowen and Hill, in their notes to Phillips' Evidence, at the pages already cited; but the conclusion finally reached by them is reasonable and just, and is, I think, correctly stated in 2 Wait's Law and Practice, 49.

The order of the Special Term should be reversed and a new trial denied.

Present — MULLIN, P. J., SMITH and MORGAN, JJ.

Order reversed and new trial denied.