RICHARD F. HARRISON, Appellant, v. JAMES L. CLARK, Respondent.

*Justice of the peace—jurisdiction of— liability of, for issuing warrant on defective affidavit.*

The defendant, a justice of the peace, issued a civil warrant for the arrest of the plaintiff, upon an affidavit which failed to state that plaintiff was a resident of the county and not a freeholder, when in fact he was a resident of the county and a freeholder. *Held,* that the justice acted judicially in passing upon the sufficiency of the affidavit, and that he was not liable to an action for false imprisonment for causing the arrest of the plaintiff.

APPEAL from a judgment dismissing the complaint in an action for false imprisonment, brought against the defendant, a justice of the peace, for issuing a civil warrant upon a defective affidavit.

*A. X. Parker,* for the appellant.

*Sawyer & Russell,* for the respondent.

BOARDMAN, J.:

The defendant, as a justice of the peace, had jurisdiction to issue process against the plaintiff. As justice he had jurisdiction of the subject-matter for which his process issued. An affidavit was presented containing most of the facts necessary to justify the issuing of a civil warrant. But it was deficient in not stating that Harrison was a resident of St. Lawrence county, and not a freeholder. In fact Harrison was a resident of the county, but he was a freeholder, so that he was not within the statute authorizing a civil warrant. Upon such affidavit the warrant was issued, and Harrison constructively arrested. Upon the hearing before the defendant, after one adjournment, plaintiff was discharged. The plaintiff now brings this action against the justice for false imprisonment. Upon the trial the complaint was dismissed, upon the ground that defendant acted judicially in issuing the warrant upon such affidavit. Upon the authority of *Rogers* v. *Mulliner* (6 Wend., 597), the dismissal of the complaint would be justified, upon the principle that defendant was acting ministerially in issuing a process within

his jurisdiction at the request of a party, so long as such act was in good faith. That was a civil warrant issued without any oath whatever. In this case the warrant was applied for on the affidavit of Mary A. Stone.

But I prefer to sustain this judgment upon the ground that the defendant, acting as a court of limited powers, had jurisdiction of the subject-matter involved, and the right to issue process against Harrison. The affidavit being presented to him, he was called upon to determine and decide as to the appropriate process. In so doing he acted judicially, and if he erred, his proceedings were voidable, but not void. (*Horton* v. *Auchmoody*, 7 Wend., 200; *Stewart* v. *Hawley*, 21 id., 554; *Lewis* v. *Rose*, 6 Lans., 206.) That he was acting judicially in passing upon the sufficiency of the affidavit, is shown by the cases of *Stewart* v. *Brown* (16 Barb., 367, 369); *Harman* v. *Brotherson* (1 Denio, 537); *Payne* v. *Barnes* (5 Barb., 465, 467). Even in cases where the affidavit, as to the essential facts, was upon information and belief, the officer will acquire jurisdiction. (*Campbell* v. *Ewalt*, 7 How., 399; *Harman* v. *Brotherson, supra.*)

I am aware of cases which hold that the officer does not acquire jurisdiction where the preliminary papers are not such as to authorize the issuing of process. While such cases are just as to others than the justice, I think a different rule should and does apply to him when acting in good faith, and when such action is founded upon a judicial determination as to the sufficiency of the affidavits, bonds or other papers presented to him as the basis of his action. I am the more willing to accept such conclusion in this case, since the plaintiff was not restrained of his liberty or controlled in his movements, except voluntarily to attend before the justice, and suffered little beyond nominal damages by reason of defendant's action.

I think the judgment should be affirmed.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment affirmed, with costs.