## ORLANDO M. SMITH, PLAINTIFF, *v.* JAMES WARDEN, DEFENDANT.

*Warrant — recital in, of legal offense — when officer protected in execution of.*

Where a warrant shows a case within the jurisdiction of the justice issuing it, although it does not recite a legal offense, the officer executing it will be protected in so doing.

MOTION for a new trial on a case, and exceptions ordered to be heard in the first instance at General Term.

*E. H. Prindle*, for the plaintiff.

*H. Ballard*, for the defendant.

JAMES, J.:

This action was for false imprisonment. The case shows that defendant was a constable of the town of Solon, Cortland county, and Samuel McGuire, a justice of the peace of said county. That, on the 31st day of March, 1871, the said McGuire, as a justice of

the peace, issued a warrant against the plaintiff, directed to the sheriff or to any constable of the county of Cortland, to arrest Orlando M. Smith, the said plaintiff, and bring him before said justice, at his office in the said town of Solon, to answer, etc., and delivered said warrant to one Pierce, also a constable of said town of Solon. That said Smith was found by said Pierce in the county of Chenango; and that, on procuring said warrant to be indorsed over by a justice of the peace of the county of Chenango, the said Pierce, as constable, arrested said Smith and brought him to the said town of Solon, and there left him in the custody of the defendant, as constable (he being a tavern-keeper), to keep over night, which is the imprisonment complained of.

When the plaintiff rested, the warrant was put in evidence by defendant, and read as follows:

CORTLAND COUNTY, TOWN OF SOLON, ss.:

To the sheriff or any constable of said county: Whereas, complaint, on the oath of Nathan R. Brown, has been made before the undersigned, a justice of the peace of said town, that, on or about the 23d day of September, 1870, at Solon, in said county, one O. M. Smith did, by false statements and false representations, induce this complainant to take his (Smith's) note, to the amount of twenty dollars, by statements, to wit: That he (Smith) had a large sum of money in the bank at Norwich, in Chenango county, and that the town owed him $100, which statements were false and untrue; and that the town did not owe him, and he did not have the money in the bank at Norwich, and the whole was false.

These are, therefore, in the name of the people of the State of New York, to command you forthwith to take the said O. M. Smith and to bring him before me at my office in said town, to answer to the matters contained in said complaint, and to be further dealt with according to law.

Dated at said town the 31st day of March, A. D. 1871.

S. McGUIRE,
*Justice of the Peace.*

And thereupon the defendant moved for a nonsuit, which was denied, and defendant excepted.

The defendant, having testified his version of the case, rested. Thereupon the defendant's counsel asked the court to charge the jury, that the warrant was a protection to him as constable, and that he was entitled to a verdict, which was refused, and defendant excepted. The court instructed the jury that the warrant was illegal, because it did not comply with the statute and recite a legal offense on its face as the ground of arrest. To this the defendant excepted.

The only question presented by the case and exceptions, is the sufficiency of the warrant as a protection to the officer. Ever since the case of *Savacool* v. *Boughton* (5 Wend., 170), it has been a recognized principle of the law of this State, that the process of a magistrate having jurisdiction of the subject-matter, fair on its face, protected a ministerial officer in its execution. In this case the justice of the peace had jurisdiction over the subject-matter of the warrant. On a complaint being made he was bound to entertain it and exercise his judgment; and whether the facts disclosed a *prima facie* offense, was certainly a question of law. In this case the magistrate adjudged that it did, and issued his warrant accordingly. It was claimed that the recitals in the warrant did not show an offense. In *Stewart* v. *Hawley* (21 Wend., 555) the court said : " Recitals of the offense in a warrant may be very brief. The object of the recital is to enable the defendant to see whether the offense be bailable, so that he may appear prepared with bail, or with any defense admissible, on the return of the warrant. The better opinion of the common law seems to be, that a recital of the offense in the warrant is not essential." (*Atchinson* v. *Spencer*, 9 Wend., 62.) I am therefore of the opinion, that, notwithstanding the warrant did not recite a legal offense, it showed a case within the jurisdiction of the justice; a case in which he had exercised his judicial functions, and issued his mandate as the result of such exercise; and that the officer was protected by it in the exercise of the duty devolved upon him as such officer by its command. It was said in *Campbell* v. *Ewalt* (7 How., 400), where the justice had been sued for false imprisonment, " that the complaint upon which the warrant issued and under which the plaintiff was arrested and imprisoned, did not set forth a criminal offense " etc. " But the complaint gave the

justice jurisdiction of the case " etc. It followed that the warrant was a protection to the justice and also to the complainant.

It follows from these views, that the court erred in refusing to nonsuit, in its refusal to instruct the jury as requested, and in instructing them as it did. The warrant was a complete protection to the defendant, as constable.

New trial granted, costs to abide the event.